DOROTHY RANKERT, by CHESTER G. BLAINE, Her Guardian ad Litem, Respondent, *v.* GEORGE RANKERT, Appellant.

*Incompetent — where a fund is placed by direction of the court in her hands by her committee, she cannot by action by guardian* ad litem *recover it from one to whom she has confided it — another committee of the fund may be appointed.*

An order adjudging a woman to be an incompetent person and appointing her husband committee of her person and property was subsequently modified by providing that the incompetent should have no committee of her person, and that the committee of her property should pay to her certain monthly allowances, of which the incompetent should have full charge, control and disposal. From these monthly allowances the incompetent accumulated a fund of several hundred dollars, which she placed in the care of her son to be repaid to her upon demand. Thereafter a guardian *ad litem* of the incompetent was appointed to protect the latter's interest in the fund placed in the hands of her son. Such guardian *ad litem* demanded the fund from the incompetent's son, and upon the refusal of such demand commenced, with the authority of the Supreme Court, an action against the son to recover such fund.

*Held*, that the complaint in such action was demurrable on the ground that the plaintiff did not have legal capacity to sue;

That the Code of Civil Procedure does not authorize the maintenance of an action by an incompetent person through a guardian *ad litem ;*

That if the property interests of the incompetent required the commencement of an action to recover the fund in controversy a committee of such fund should be appointed who would be entitled to prosecute such action;

That the previous determination of the court on the facts then presented to it, that the incompetent was capable of managing the monthly allowances from which the fund in controversy was accumulated, would not operate, where she was subsequently found to be incompetent, as a bar to the appointment of the committee in respect to such fund.

*It seems*, that the court may appoint another committee of such fund where the committee already appointed acts collusively.

WILLIAMS, J., dissented.

APPEAL by the defendant, George Rankert, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Wayne on the 12th day of July, 1904, upon the decision of the court rendered after a trial at the Wayne Special Term overruling the defendant's demurrer to the plaintiff's complaint.

The action was commenced on the 27th day of November, 1903, under the title, " Dorothy Rankert, by Chester G. Blaine, her Guar-

dian ad Litem, Plaintiff, vs. George Rankert, Defendant," to recover the sum of $853.33 and interest thereon, alleged to have been placed in the hands of the defendant by Dorothy Rankert, to be cared for by him and to be returned to her upon demand. It is alleged that such demand was duly made and refused. The complaint was demurred to upon the ground:

*First,* that the court had not jurisdiction of the subject of the action;

*Second,* that the plaintiff has not legal capacity to sue;

*Third,* that there is a misjoinder of parties plaintiff;

*Fourth,* that there is a defect of parties plaintiff;

*Fifth,* that there is a defect of parties defendant;

*Sixth,* that the complaint does not state facts sufficient to constitute a cause of action.

All of such alleged grounds of demurrer were overruled and judgment was entered accordingly, from which this appeal is taken.

*Charles P. Williams,* for the appellant.

*Jefferson W. Hoag,* for the respondent.

McLENNAN, P. J.:

It is alleged in the complaint that Dorothy Rankert is to some extent an incompetent person, as shown by the petition annexed to and made a part of the complaint. By such petition it is stated in substance that prior to the 30th day of September, 1884, Dorothy Rankert was adjudged to be an incompetent person, and that one Jacob Rankert, her husband, was appointed committee of her person and property; that on said 30th day of September, 1884, the order so adjudging her to be incompetent and appointing a committee of her person and estate was in part superseded so that said Dorothy Rankert should have no committee of her person, and the committee of her property was directed to pay to her certain monthly allowances in money, of which the said Dorothy Rankert should have full charge, control and disposal. It also appears that from such allowances she accumulated a fund amounting to $853.33, which she placed in the care of the defendant, her son, George Rankert, to be repaid to her upon demand. It also appears that Chester G. Blaine was appointed guardian *ad litem* of Dorothy Rankert to protect her interest in the fund so placed in the hands

of the defendant; that after such appointment as guardian *ad litem* he demanded for and on behalf of Dorothy Rankert the said sum from the defendant, which was refused; that thereafter by order of the Supreme Court he was authorized to and did commence this action. The various orders are referred to and made a part of the complaint.

The claim on behalf of Dorothy Rankert, as shown by the allegations in the complaint, is, in effect, that there is no committee of the fund or property which was placed by her in the custody of the defendant for safekeeping; that her husband, who was appointed committee of her estate, was relieved from all control over that fund. It is also contended and in substance alleged that while competent to manage such fund under ordinary conditions, she is incompetent to institute and prosecute an action for the recovery of such fund, and, therefore, it is sought to maintain such action by a guardian *ad litem* appointed for that purpose.

So far as we have been able to discover, there is no authority under the Code of Civil Procedure for the maintenance of an action by an incompetent person by a guardian *ad litem*. Section 428 of the Code of Civil Procedure does provide for the appointment of a guardian *ad litem* of an incompetent defendant, but we think no authority can be found for the appointment of a guardian *ad litem* for a plaintiff so circumstanced. We think it unnecessary to discuss what inherent powers in that regard a court of equity may possess if the exercise of such power was clearly necessary in order to protect the property or interests of an incompetent plaintiff. The provisions of the Code of Civil Procedure clearly contemplate, where it is necessary to commence an action in order to protect the property or interests of an incompetent person, that such action must be commenced by a committee and not by a guardian *ad litem*. In the case at bar, if the property interests of Dorothy Rankert required that an action should be commenced, and she is incompetent to commence or prosecute such action, then clearly a committee of the property to be affected should be appointed and the necessary action commenced and prosecuted by such committee. It is no answer to the proposition that the court determined, under the facts then presented to it, that she was competent to manage the funds which it is alleged she placed in the hands of the defend-

**40** PEOPLE ex rel. HERRICK *v.* BD. OF SUPERVISORS.

.Fourth Department, May, 1905. [Vol. 105.

ant for safekeeping. When it became necessary to commence an action to recover such funds, and it appears, as alleged in the complaint, that she was incompetent to prosecute such action, she was, within the meaning of the Code of Civil Procedure, incompetent to properly manage such property, and a committee of the same should be appointed. If it should appear that her husband, the general committee, is acting in collusion with the defendant, or that it would be improper for him to institute and prosecute an action against the defendant, we think another committee may be appointed of the fund in question, and that an action to recover or protect the interests of the incompetent in such fund should be commenced and prosecuted by such committee.

It follows that the interlocutory judgment should be reversed and the demurrer of the defendant sustained, with costs.

Spring and Stover, JJ., concurred; Hiscock, J., concurred in result upon the additional ground that the legal title to the fund in question was vested in the committee, by whom the action should have been instituted, if at all; Williams, J., dissented upon the ground that the committee had no interest whatever in the fund, and that if the guardian was improperly appointed, instead of the action being brought by Dorothy Rankert alone, the remedy to relieve the action of the guardian is by motion and not by demurrer.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs.