In the Matter of the Application of ANGELA R. PATARINO. (Motion No. 2915.)

Court of Claims, July 21, 1955.

*Nathan L. Levine* for movant.

*Jacob K. Javits, Attorney-General* (*Stanley V. Scott* of counsel), for the State of New York, opposed.

LAMBIASE, J. This is an application made pursuant to sections 20 and 34 (subd. 9) of the Mental Hygiene Law of the State of New York for an order " granting an inspection of the hospital records at Rockland State Hospital pertaining to the petitioner during his stays at said institution; and for such other and further relief as to the Court seems just and proper in the premises." (Notice of motion.)

It appears from the supporting affidavit, sworn to June 14, 1955, of the above-named Angela R. Patarino that she is the " guardian ad litem " for one, Leonard Patarino, an " incompetent ", having been appointed by order of the Court of Claims; that said Leonard Patarino was committed to the Rockland State Hospital for the mentally ill on or about March 6, 1955, pursuant to an order of the Supreme Court; that while at said Rockland State Hospital he allegedly sustained injuries when he was allegedly assaulted by another patient, as a result of which he required medical care and treatment at said State institution; and that she is about to file notice of intention to file claim

against the State of New York, " and is desirous of examining the hospital records for verification of the foregoing facts and in order to ascertain whether a cause of action in favor of the incompetent does exist."

The State of New York opposes the application on the ground that the applicant guardian ad litem is not the proper person to make the application. It argues, and from the papers submitted by it we infer that its position is, that there was no authority for the making of the order appointing the guardian ad litem under the circumstances herein. It has submitted an affidavit of one, Daniel J. Shea, Secretary of the New York State Department of Mental Hygiene, in which he deposes that according to the records on file with the Department of Mental Hygiene of the State of New York, an inspection of which he made on June 24, 1955, said Leonard Patarino was born on August 5, 1910; and that as of the date June 24, 1955, he was still a patient at Rockland State Hospital. It submits also a certified copy of the order appointing the guardian ad litem, and the petition upon which it was based. The petitioner in the proceeding to appoint a guardian ad litem is the wife of said Leonard Patarino and is the same Angela Patarino, of course, who is the guardian ad litem and is the applicant.

The petition for the appointment of the guardian ad litem dated June 13, 1955, among other things, sets forth: " 1. That your petitioner is the wife of Leonard Patarino, an incompetent * * * who is now at Rockland State Hospital, Orangeburg, New York, a state hospital for the mentally ill. 2. That no Committee or Guardian has been appointed for said incompetent pursuant to law." And in various other parts of the petition said Leonard Patarino is referred to as an " incompetent ".

The order dated June 14, 1955, appointing the guardian ad litem and granted ex parte provides: " that said Angela R. Patarino be, and she hereby is appointed the Guardian ad Litem of the incompetent, Leonard Patarino and authorized and directed to prosecute on behalf of said incompetent a claim against The State of New York to recover damages for personal injuries sustained by said incompetent."

The hospital records sought for inspection contain matters which are privileged from disclosure unless the privilege be duly waived; and upon the papers before us the patient is the only person, at this juncture, who may waive the privilege. Consequently, the alleged incompetent (*Finch* v. *Goldstein,* 245 N. Y. 300) should support or make the application if he be capable of so doing, or if he be incapable of so doing, the application

should be made by his committee. (*Matter of Warrington* [*State of New York*], 303 N. Y. 129 and cases cited therein; *Matter of Handwerger,* 79 N. Y. S. 2d 634; *Rankert* v. *Rankert,* 105 App. Div. 37; *Matter of Bryant,* 105 N. Y. S. 2d 446.)

The motion is in all respects denied but without prejudice to a renewal upon proper showing.

Submit order accordingly.