Sarah Rippe, Respondent, *v.* Metropolitan Street Railway Company, Appellant.

*Negligence — when a verdict will not be disturbed as against the weight of evidence — what verdict is not excessive.*

A verdict in favor of the plaintiff in an action to recover damages for personal injuries resulting from the alleged negligence of the defendant, a street railroad company, will not be disturbed as against the weight of evidence because the plaintiff and her daughter, who were the only witnesses in behalf of the plaintiff, were absolutely contradicted by three passengers and the conductor, where it appears that the statements of the witnesses for each party were reasonable.

Where, in such a case, it appears that the plaintiff, who was a healthy woman before the accident, in addition to the painful bruises and sprains which she received and which confined her to the house for two or three months, was, at the time of the trial, suffering from *prolapsus uteri* and congestion, and was wearing a pessary, and there is evidence tending to show that such conditions will be permanent, a verdict of $3,750 in favor of the plaintiff will not be set aside as excessive.

Appeal by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 4th day of April, 1898, upon the verdict of a jury for $3,750, and also from an order entered in said clerk's office on the 18th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown* [*Henry A. Robinson* with him on the brief], for the appellant.

*Henry A. Powell*, for the respondent.

GOODRICH, P. J. :

The plaintiff, a woman fifty-five years of age, sues to recover for injuries sustained by her in alighting from one of the cars of the defendant. She alleges in her complaint that on September 7, 1896, one of the open cars had come to a full stop on Broadway, opposite the City Hall Park, in the city of New York; that she attempted to enter the car; that after she had gotten upon the step at the side the car suddenly started without warning, and threw her to the pavement, whereby she was bruised and injured, her right arm sprained and her side and abdominal muscles so strained that permanent *prolapsus uteri* was produced.

The defendant's contention is that the plaintiff was standing with her daughter and several other women, waiting to take the car; that the plaintiff got aboard and into the car; that after all the persons who were waiting had entered the car, it was carefully started, when the plaintiff, seeing that her daughter had not gotten aboard, and after the car had gone about fifty feet, stepped out of the car, down to the side step and backward into the street, without having made any request to the conductor to stop, and that she was herself guilty of contributory negligence. The jury found a verdict for the plaintiff, and from the judgment entered thereon this appeal is taken.

The court fairly and fully submitted to the jury the questions of fact involved in these two theories of the accident, and their finding, being in favor of the plaintiff, must be sustained unless the defendant's contention, that the verdict was against the weight of evidence, can be supported. There were two witnesses for the plaintiff, herself and her daughter, who substantially agree in their testimony. This was absolutely contradicted by three passengers and the conductor, while the absence of the gripman was reasonably accounted for. But a careful reading of the testimony does not justify the defendant's contention that the verdict was against the preponderating weight of evidence. The statements of the witnesses for each party were reasonable and the jury could have accepted the testimony of either as true. There is no such preponderance of testimony in the record as to justify interference with the verdict. We cannot say that, as matter of law, after giving the proper weight to all the evidence, it cannot be right (*Cheney* v. *N. Y. C. & H. R. R. R. Co.*, 16 Hun, 415, 420), or that it is so contrary to the preponder-

ant proof as to startle by its absurdity or to suggest a suspicion of evil influence. (*Hospital Supply Co.* v. *O'Neill*, 64 N. Y. St. Repr. 496.)

The defendant also contends that the verdict is excessive. The plaintiff was a healthy woman before the accident, and, in addition to the painful bruises and sprains which she received and which confined her to the house for two or three months, she is now suffering with *prolapsus uteri* and congestion and, by the advice of her physician, is wearing a pessary. Two reputable physicians testify that this condition will be permanent. Upon these facts we cannot discover any reason for holding that the verdict is excessive, and the judgment must, therefore, be affirmed.

Judgment and order unanimously affirmed, with costs.