### RIPPE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. December 14, 1898.)

PERSONAL INJURIES—EXCESSIVE DAMAGES.
   A verdict of $3,750 is not excessive, for injuries to a healthy woman,
   55 years of age, which bruised and sprained her, and confined her to her
   house for two or three months, on her physician's advice, and caused per-
   manent prolapsus uteri and congestion, necessitating the wearing of a
   pessary.

Appeal from trial term, Kings county.

Action by Sarah Rippe against the Metropolitan Street-Railway Company. Verdict for plaintiff for $3,750, and from a judgment thereon, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brown (Henry A. Robinson, on brief), for appellant.
Henry A. Powell, for respondent.

GOODRICH, P. J. The plaintiff, a woman 55 years of age, sues to recover for injuries sustained by her in alighting from one of the cars of the defendant. She alleges in her complaint that on September 7, 1896, one of the open cars had come to a full stop on Broadway, opposite the City Hall Park, in the city of New York; that she attempted to enter the car; that after she had gotten upon the step at the side the car suddenly started, without warning, and threw her to the pavement, whereby she was bruised and injured, her right arm sprained, and her side and abdominal muscles so strained that permanent prolapsus uteri was produced. The defendant's contention is that the plaintiff was standing, with her daughter and several other women, waiting to take the car; that the plaintiff got aboard, and into the car; that, after all persons who were waiting had entered the car, it was carefully started, when the plaintiff, seeing that her daughter had not gotten aboard, and after the car had gone about 50 feet, stepped out of the car, down to the side step, and backward into the street, without having made any request to the conductor to stop; and that she was herself guilty of contributory negligence. The jury found a verdict for the plaintiff, and from the judgment entered thereon this appeal is taken.

The court fairly and fully submitted to the jury the questions of fact involved in these two theories of the accident, and their finding, being in favor of the plaintiff, must be sustained, unless the defendant's contention that the verdict was against the weight of evidence can be supported. There were two witnesses for the plaintiff,—herself and her daughter,—who substantially agree in their testimony. This was absolutely contradicted by three passengers and the conductor, while the absence of the gripman was reasonably accounted for. But a careful reading of the testimony does not justify the defendant's contention that the verdict was against the preponderating weight of evidence. The statements of the witnesses for each party were reasonable, and the jury could have accepted the testimony of either as true. There is no such preponderance of testimony in the record as to justify interference with the verdict. We cannot say that, as matter of law, after giving the proper weight to all the evidence, it cannot be right (Cheney v. Railroad Co., 16 Hun, 415, 420), or that it is so contrary to the preponderant proof as to startle by its absurdity, or to suggest a suspicion of evil influence (Supply Co. v. O'Neill [Com. Pl.] 31 N. Y. Supp. 792).

The defendant also contends that the verdict is excessive. The plaintiff was a healthy woman before the accident, and in addition to the painful bruises and sprains which she received, and which confined her to the house for two or three months, by the advice of her physician, she is now suffering with prolapsus uteri and congestion, and is wearing a pessary. Two reputable physicians testify that this condition will be permanent. Upon these facts, we cannot discover any reason for holding that the verdict is excessive, and the judgment must therefore be affirmed.

Judgment and order affirmed, with costs. All concur.