## KELLY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

STREET RAILWAYS—INJURY—CONFLICTING EVIDENCE.
    In an action for injuries caused by being thrown from a moving street car, where the evidence of plaintiff and defendant was conflicting, a nonsuit was properly denied.

Appeal from trial term, Kings county.

Action by Mary Kelly against the Brooklyn Heights Railroad Company for injuries. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John L. Wells, for appellant.
William Barnes, for respondent.

GOODRICH, P. J. The plaintiff, at about 9 o'clock of an evening in May, 1899, at Fifteenth street, in the borough of Brooklyn, boarded a car of the defendant, running northerly through Seventh avenue. She told the conductor to let her off at First street. Between First street and Garfield place, which is next northerly of First street, she was thrown off or she stepped off the car while it was in motion, and received injuries, for which she recovered a verdict of $500. The defendant appeals on the ground that the plaintiff has shown no negligence on the part of the defendant, and that the overwhelming preponderance of evidence proved that the accident was caused entirely by the carelessness of the plaintiff. This necessitates a brief review of the evidence. The plaintiff testified that she told the conductor, when taking the car, to let her off at First street, and that he said "All right." At that street the car slowed down. She arose from her seat, and went out on the rear platform, the car at that time moving slowly. When it had gone some distance beyond First street it started suddenly, with a jerk, and this threw the plaintiff off her balance, so that she fell to the street, although she was not attempting to get off. She also said

that a conductor was on the platform. Mr. Culver, the plaintiff's attorney, who was on the sidewalk opposite the place of the accident, saw the car slow down, and start ahead rapidly, and also saw the plaintiff fall from the car. The defendant produced eight witnesses of the occurrence, five of them passengers, one a bystander, and the motorman and conductor. The passengers gave evidence tending to show that the car did not slow down, and that the conductor was inside. Some of them said the plaintiff deliberately walked off the car while it was moving. The bystander witnessed the accident from the corner of Garfield place, and said that he saw the plaintiff step off the car, but, as the car was between him and the plaintiff till she left it, his testimony is not of great importance. The motorman testified that he made a full stop at First street, and after leaving that street that there was no slowing or jerking or sudden acceleration of speed. The conductor testified that he was inside the car at the time of the accident; that the car stopped at First street, but that some one on the platform rang the bell; and that there was no jerking or acceleration of speed. Here was a clear conflict of evidence, and to have granted the defendant's motion to nonsuit the plaintiff and dismiss the complaint would have been error. To the charge neither party excepted, and the jury were fairly instructed as to the questions to be decided by them. We must apply here the same rule that we have heretofore applied in cases of this character. Rippe v. Railroad Co., 35 App. Div. 321, 54 N. Y. Supp. 958; Edgerly v. Railroad Co., 44 App. Div. 476, 60 N. Y. Supp. 1062. The evidence was such as to require the submission of the case to the jury. They were justified in believing the statements of the witnesses for the plaintiff or the witnesses for the defendant as to the facts, and evidently have credited the former. We are not disposed to interfere with their verdict, which clearly was not excessive, in view of the plaintiff's injuries. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.