FERO v. FERO.

(Supreme Court, Appellate Division, Fourth Department. June 4, 1901.)

MARRIAGE—ANNULMENT—ACTION—PARTIES.

Code, § 1750, provides that an action to annul a marriage on the ground that the consent of one of the parties was obtained by force may be maintained by the parent of the person whose consent was so obtained, and section 448 declares that the parties interested in an action must be joined as plaintiffs or defendants. *Held*, that a suit by a parent to annul

the marriage of a minor son cannot be maintained without making the son a party.

Williams, J., dissents.

Appeal from trial term, Steuben county.

Action by Mary A. Fero against Rachel A. Holdren-Fero. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed. ·

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

James O. Sebring, for appellant.

Francis A. Williams, for respondent.

ADAMS, P. J. On the 7th day of March, 1900, one Glen D. Fero, the infant son of the plaintiff, was married to the defendant, and this action is brought under the provisions of section 1750 of the Code of Civil Procedure to have such marriage annulled, and declared void, upon the ground that the consent thereto of the plaintiff's son was obtained by force, duress, or fraud. The complaint alleges the marriage, the circumstances constituting the force, duress, or fraud which induced the same, and that the parties to the marriage have never voluntarily cohabited together as husband and wife. To this complaint the defendant interposed a demurrer, setting forth, among other grounds, that there was a defect of parties, in that Glen D. Fero, who was a necessary party to the action, had not been joined either as plaintiff or defendant. We think this ground is well taken, and that the demurrer was, therefore, properly sustained. Section 1750 of the Code of Civil Procedure provides that:

"An action to annul a marriage, on the ground that the consent of one of the parties thereto was obtained by force, duress or fraud, may be maintained, at any time, by the party whose consent was so obtained. Such an action may also be maintained, during the life-time of the other party, by the parent or guardian of the person of the party whose consent was so obtained, or by any relative of that party, who has an interest to avoid the marriage. But a marriage shall not be annulled on the ground of force or duress, if it appears that, at any time before the commencement of the action, the parties thereto voluntarily cohabited as husband and wife; or on the ground of fraud, if it appears that, at any time before the commencement thereof, the parties voluntarily cohabited as husband and wife, with a full knowledge of the facts constituting the fraud."

But this section must be read and construed in connection with other provisions of the Code which regulate the procedure in actions of this character. Among such provisions are those contained in sections 446 and 447, which contemplate that all persons having an interest in the subject of the action should be joined as plaintiffs or defendants; and by section 448 it is further provided that:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly prescribed in this act. But if the consent of anyone, who ought to be joined as a plaintiff, cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint."

The complaint herein alleges that Glen D. Fero consents to the bringing of the action, and he certainly is united in interest with either the plaintiff or the defendant. If he desires to have the marriage annulled, he is interested in obtaining the judgment demand-

ed; but if, upon the other hand, he is satisfied with his marital relations, his interest is adverse to that of the plaintiff. In either case the controversy ought not to be determined until he is brought into the action. The rule contended for by the plaintiff's counsel would permit a parent, guardian, or "any relative" of a party to invalidate a marriage without the consent or knowledge of either of the parties thereto, and, if it were to obtain, might prove subversive of social order, sound policy, and good morals. This court is unwilling to believe that such an anomalous condition of affairs is within the contemplation of section 1750, and it follows, therefore, that the judgment appealed from should be affirmed.

Interlocutory judgment affirmed, with costs, with leave to the plaintiff to amend her summons and complaint in the manner and upon the terms indicated in the order appealed from. All concur, except WILLIAMS, J., who dissents upon the ground that defendant's remedy was by motion, instead of by demurrer.