(75 App. Div. 292.)

NAUL et al. v. NAUL et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. TESTAMENTARY CAPACITY—EVIDENCE.

Declaration of a person, four months after the making of a will, that testator at the time of the declaration was not competent to do any business, is not competent evidence on the question of testamentary capacity.

2. SAME—PREJUDICIAL ERROR.

The evidence of testamentary incapacity not having been very strong, error in admitting a declaration as to testator's incapacity four months after execution of the will will be *held* prejudicial.

3. SAME—ADMISSIONS—TENANTS IN COMMON.

Admission of one of the tenants in common in the estate of testator that testator was incompetent is not admissible against his co-tenants.

Appeal from special term, Kings county.

Action by Eliza Walker Naul and others against Henry S. Naul and others. From a judgment for plaintiffs, and from an order denying a motion for new trial, certain defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Joseph A. Burr, for appellants.
George H. Culver, for respondents.
Ronald K. Brown, for infant respondents.

WOODWARD, J. Joseph Naul, the testator, died in Brooklyn on the 24th day of January, 1899. His widow, Eliza Naul, his son, Henry Naul, and seven grandchildren, children of a deceased son, Joseph, who died intestate in Brooklyn on or about the 9th day of July, 1897, survive him, and these grandchildren are the respondents, plaintiff and defendant. The will of the said Joseph Naul was admitted to probate by the surrogate's court by a decree dated April 17, 1899, and upon an appeal coming to this court the decree was affirmed. 51 App. Div. 602, 64 N. Y. Supp. 1144. The present action was brought under the provisions of section 1537 of the Code of Civil Procedure, which requires that the plaintiff "must allege and establish that the apparent devise is void," and upon the first trial the jury found in favor of the plaintiffs, upon the ground that the testator was not competent to make a will. The learned trial court entertained and granted a motion for a new trial, and upon an appeal coming to this court the order was affirmed. 61 App. Div. 622, 70 N. Y. Supp. 1145. Upon the second trial the jury again found in favor of the plaintiffs, and from an order denying a motion for a new trial the defendants, Henry S. Naul and others, appeal to this court.

There is a conflict of evidence upon the question of the testamentary capacity of the testator, which, while not entirely satisfactory, it might be the duty of this court to hold was sufficient to support the verdict of the jury, were it not for the error which we find in the admission of evidence. Leah Van Cott Naul is the widow

¶ 3. See Evidence, vol. 20, Cent. Dig. §§ 816, 821.

of Joseph Naul, the younger. She had a decree of separation from her husband, and is the mother of the infants involved in this litigation. The will in controversy was executed on the 8th day of March, 1897. The testator died on 24th day of January, 1899. The issue presented was whether the testator was mentally competent to make a will on the day of the execution of the instrument which has been admitted to probate. Henry Naul is interested in the matter as a tenant in common with his mother, and upon the trial, Leah Van Cott Naul being called as a witness, she said, in answer to counsel: "I recall an interview that I had with Henry Naul after the death of Joseph, my husband, in which something was said about the condition of my father-in-law." She was then asked: "What was said at that interview?" This was objected to on the ground that what Mr. Henry Naul may have said about his father months after this transaction was incompetent, irrelevant, and immaterial. The objection was overruled, and an exception taken. The witness answered: "It was the night of the funeral of my husband. Henry said, 'What do you think of father?' I said, 'He looks feeble.' He said, 'Yes; he is not competent to do any business whatever.'" An effort was then made to have the answer struck out, but the motion was denied, and an exception was taken. Joseph Naul, the witness' husband, died about the 9th of July, 1897, about four months after the execution of the will; and an admission of Henry Naul that his father was incompetent to do any business whatever at that time was not competent evidence of the incapacity of the testator four months before, and it was clearly irrelevant and immaterial, and, the evidence of the testator's incapacity not being very strong, it may have been the controlling element in the determination of the jury. It is urged by the respondents that, "even if this statement did refer to his ability to make a will, it referred to a time about four months or more after the will was signed, and was too remote from the time of execution to be material." But how is this to help the respondents? The defendant has a right to have the question at issue submitted to the jury upon material and relevant evidence, and, having urged proper objections and taken exceptions, he is entitled to the benefit of the exception at this time. If there is room for an argument about whether it was physical or mental competency to which the conversation referred, it is quite as likely that the jury may have taken the one view as the other; and, as it had no proper relation to the question of the testator's mental competency at the time of executing the will, it should have been withdrawn from the consideration of the jury at the request of the defendant's counsel. It was incompetent, also, upon another ground. The general doctrine is doubtless correct that the admissions or declarations of a party, to the record may be taken as against himself or another party having a joint interest with him, but this rule can have no application to a proceeding to prove a will where other parties are interested in the estate as tenants in common. In this case the admissions or declarations of Henry Naul could not bind Eliza Naul, testator's widow, who is a tenant in common with her son, and the rule is well supported by authority that one tenant in common cannot admit away the

rights of his co-tenant. In re Kennedy's Will, 167 N. Y. 163, 177, 60 N. E. 442, and authorities there cited. The evidence had no proper place in the case, and, as this may have prejudiced the rights of the defendants before the jury, there is no other way than to reverse the order denying a new trial.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.