(75 App. Div. 532.)

CODDINGTON v. LARNER et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. MARRIAGE—ACTION TO ANNUL—PARTIES.
   Notwithstanding Code Civ. Proc. § 1750, provides that a relative of a party to a marriage may maintain an action to have it annulled on the ground that the party was a lunatic, or that her consent was obtained by force or fraud, yet under sections 446–448, providing for parties having

an interest in the subject of the action being made plaintiffs or defendants, the person claimed to have been insane or overcome by force or fraud should be a party.

Appeal from special term, Kings county.

Action by Louise A. Coddington against Albert E. Larner. From an order denying application of Alma Louise Larner to be made a party defendant, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

W. W. MacFarland, for appellant.

Charles Blandy, for respondent.

McLAUGHLIN, J. On the 6th of June, 1899, Alma Louise Larner, the appellant herein, was married to the defendant, Albert E. Larner. On the 18th of May following she was adjudged, by reason of the excessive use of alcoholic stimulants, to be incapable of managing her person or her property, and committees were appointed for that purpose, who qualified, and since have been and now are acting as such. Thereafter this plaintiff, a daughter by a former marriage, brought this action to have the marriage of her mother with the defendant annulled, upon the ground that the appellant at the time she was married to the defendant was a lunatic and unable to understand the nature of the contract and its effect, and also that the marriage was procured by fraud and undue influence of the defendant. After issue had been joined in the action, the appellant, upon a petition verified by her, applied to the court for leave to be made a party defendant. Her application was denied, and from that order she has appealed.

The Code provides (section 1750) that any relative of a party to a marriage, "who has an interest to avoid the marriage," may maintain an action to have the same annulled on the ground that one of the parties to it, at the time the same was contracted, was a lunatic, or when the consent of such party was obtained by force, duress, or fraud. Section 1743, subds. 3, 4. But these sections of the Code must be read in connection with the other sections, which contemplate that all persons having an interest in the subject of the action shall be joined as plaintiffs or defendants. The appellant certainly has an interest in the subject of the action, and is a necessary party to it, and a determination cannot be had of the subject-matter of it unless she be made a party. Sections 446–448. It is certainly a novel, if not a startling, proposition that a judgment can be procured, dissolving a marriage contract, without having both of the parties to it before the court. Manifestly, this cannot be done. Fero v. Fero, 62 App. Div. 470, 70 N. Y. Supp. 742.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.