· (43 Misc. Rep. 310.)

### WOOD v. BAKER.

(Supreme Court, Special Term, Saratoga County. March, 1904.)

1. MARRIAGE—ACTION TO ANNUL—PARTIES.
   A father cannot, under Code Civ. Proc. § 1744, authorizing a suit to annul a marriage where one of the parties has not attained the age of legal consent, or where the consent was obtained by fraud or duress, maintain an action to annul the marriage of his daughter on the ground that she had not attained the age of consent, unless she is a party to the action.

2. SAME—VALIDITY.
   A marriage contract of an infant is voidable only at the election of one of the parties.

Action by John E. Wood against Frederick H. Baker to annul a marriage. Judgment for defendant.

T. D. Trumbull, Jr., for plaintiff.

¶ 2. See Marriage, vol. 34, Cent. Dig. § 94.

SPENCER, J. This action is brought by the father of an infant wife against the husband to annul a marriage. The complaint alleges that the plaintiff is the father of Lizzie E. Baker; that she is an infant; was married to the defendant September 16, 1898, when she was but 13 years and 7 months old; that she has not, since she attained the age of 16 years, lived or cohabited with the defendant; and prays judgment declaring the marriage void. The wife is not a party to the action, and there is nothing in the summons or complaint suggestive that the action is brought in behalf of the wife, or instituted with her knowledge or consent. On the hearing the court expressed doubt as to whether a valid decree could be entered, and suggested that the plaintiff take an order amending the summons and complaint by bringing the wife in as party defendant; but plaintiff has not acted upon the suggestion, and insists upon his right to judgment without amendment.

The question, therefore, arises whether a father may maintain an action to have the marriage of his infant daughter annulled without making such daughter a party to the suit. The plaintiff's attorney, in support of his contention, cites the case of Becker v. Becker, 58 App. Div. 374, 69 N. Y. Supp. 75. This was an action brought by a father to annul the marriage of his minor son while under the age of legal consent, and, so far as the record discloses, the son was not a party, but the opinion contains no allusion to that subject. I am also referred to the case of Stivers v. Wise, 18 App. Div. 316, 46 N. Y. Supp. 9, which was an action brought by a mother to procure the annulment of a marriage contracted by her son when under the age of legal consent. In the title, the plaintiff is described as the mother of the infant, but the infant is not otherwise mentioned as a party. The sole question before the court in that case had reference to alimony, and furnishes no guide for our action here. Plaintiff also cites Slocum v. Slocum, 37 Misc. Rep. 143, 74 N. Y. Supp. 447. This was an action by a mother to have the marriage of her infant son annulled on the ground that he had not attained the age of legal consent. It appears from the opinion of the learned justice that the son was not made a party to the action, but the question was not considered. The defendant set up a counterclaim alleging misconduct on the part of the son committed subsequent to the marriage in respect to his marital obligations. To this the plaintiff demurred, and the court very properly held that the counterclaim constituted no defense to the mother's right of action. I cannot, however, subscribe to the view there incidently expressed that the mother's right of action may not be rendered nugatory by the election of the son to affirm the marriage.

The marriage contracts of infants are not dependent upon the consent of their parents to the marriage, and parents may not have them annulled upon the ground of their nonconsent. It is only the infant wife who may maintain an action to annul her marriage on the ground that it took place without the consent of her father, mother, guardian, or other person having legal charge of her person. Code Civ. Proc. § 1742. Neither an infant husband nor a parent or guardian may maintain such an action, and the reasons therefor are not difficult to discover. The right of a parent to maintain an action for the annulment

of the marriage of his infant son or daughter rests solely upon the authority conferred by sections 1744 and 1750 of the Code of Civil Procedure, and the grounds therefor are limited to the fact that one of the parties to the marriage had not attained the age of legal consent, or that the consent of one of the parties was obtained by force, duress, or fraud. But has the parent a right to maintain such an action irrespective of the infant, and without making such infant a party to the action? I think not. The parent's right to maintain such an action is clearly in behalf of the infant, and is in no way dependent upon any right which the parent may possess to control or restrain the marriage. The marriage contracts of infants are not void, but only voidable at the election of one of the parties to the marriage. A parent or guardian is not such a party.

But the question here has been, I think, practically decided by the Appellate Division of the Fourth Department in the case of Fero v. Fero, 62 App. Div. 470, 70 N. Y. Supp. 742. That was an action by the plaintiff, under the provisions of section 1750, Code Civ. Proc., to have a marriage between her infant son and the defendant annulled on the ground that the son's consent thereto was obtained by force, duress, and fraud. The son was not made a party to the action, and the court decided, in a well-considered opinion, that his presence was necessary for a proper determination of the action. If such be the rule under the provisions of that section, I can see no reason why it should not prevail in respect to an action such as this, brought by a parent under the provisions of section 1744. The court in the case last cited say:

"All persons having an interest in the subject of the action should be joined as plaintiffs or defendants. The complaint alleges that Glen D. Fero consents to the bringing of the action, and he certainly is united in interest with either the plaintiff, or the defendant. If he desires to have the marriage annulled, he is interested in obtaining the judgment demanded; but if, on the other hand, he is satisfied with his marital relations, his interest is adverse to that of the plaintiff. In either case the controversy ought not to be determined until he is brought into the action. The rule contended for by the plaintiff's counsel would permit a parent, guardian, or 'any relative' of a party to invalidate a marriage without the consent or knowledge of either of the parties thereto, and, if it were to obtain, might prove subversive to social order, sound policy, and good morals."

I fully concur in the view thus forcibly expressed. I conclude, therefore, that the plaintiff is not entitled to judgment for the relief demanded in the complaint, and deny his application therefor.

Judgment accordingly.