Award unanimously affirmed; COCHRANE, J., not sitting.

---

MORITZ WALTER and Others, Individually and as Committee of the Person and the Property of HERMAN N. WALTER, an Incompetent Person, Appellants, *v.* ANNA KUETHE WALTER, Respondent.

First Department, December 30, 1915.

Incompetent persons — power of committee of lunatic to bring action to annul marriage — provisions of Code of Civil Procedure construed.

The committee of the person and property of an incompetent may not bring an action to annul a marriage contracted by the incompetent before the adjudication of incompetency, upon the ground that the incompetent was a lunatic at the time of the alleged marriage, and was incapable of entering into a marriage contract.

The fact that in sections 1747 and 1748 of the Code of Civil Procedure, providing by whom such an action may be maintained, there is no mention of the committee of the incompetent, is significant of the legislative intent to exclude him from the right to bring such an action, and the maxim *expressio unius exclusio alterius* applies.

Section 2340 of the Code of Civil Procedure, providing that "A committee of the property, appointed as prescribed in this title, may maintain in his own name, adding his official title, any action or special proceeding which the person, with respect to whom he is appointed, might have maintained if the appointment had not been made," is limited by the provisions of section 1748, and does not by implication confer power upon the committee to bring an action to annul a marriage.

SCOTT, J., dissented, with opinion.

APPEAL by the plaintiffs, Moritz Walter and others, individually and as committee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of July, 1915, granting defendant's motion for judgment on the pleadings after an answer had been served, and also from the judgment entered in said clerk's office on the 26th day of July, 1915, dismissing the complaint pursuant to said order.

*Emil Goldmark,* for the appellants.

*James A. Gray,* for the respondent.

Judgment and order affirmed, with costs, on opinion of PAGE, J.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, SCOTT and DOWLING, JJ.; SCOTT, J., dissented.

The following is the opinion of PAGE, J.:

PAGE, J.:

This motion was made upon an order for plaintiffs to show cause, based upon the pleadings and an affidavit, why judgment should not be entered herein in favor of the defendant and against Moritz Walter, Clarence J. Walter and Edwin Walter, as committee of the person and property of Herman N. Walter, an incompetent, upon the ground that the said persons, as committee, "have no legal capacity to sue to annul the marriage of said Herman N. Walter upon the ground that the said Herman N. Walter was at the time of said alleged marriage a lunatic, and was incapable of entering into a marriage contract, or that the said marriage was caused by force and duress of the defendant, because the said Herman N. Walter was a lunatic and incapable of consenting to the marriage, and for want of understanding, and for such other and further relief as the defendant may be entitled to." The inartificial use of language unnecessarily complicates the consideration of the motion. Lack of legal capacity to sue has reference to some legal disability of the plaintiff, such as

infancy, idiocy, adjudged insanity or want of title in the plaintiff to the character in which he sues which prevents his bringing any action in the courts in his own behalf, and not a fact that the complaint fails to show a right of action in the plaintiff. (*Ward* v. *Petrie,* 157 N. Y. 301, 311; *Ullman* v. *Cameron,* 186 id. 339, 343.) The objection that the plaintiff has not legal capacity to sue must be taken by demurrer or answer (Code Civ. Proc. § 488, subd. 3; Id. § 498), and if not so taken is deemed to have been waived (Id. § 499). If, therefore, the purpose of this motion is to urge the objection that the plaintiffs have not legal capacity to sue, the objection, even if sound, has been waived by the defendant not having demurred on that ground. Legal capacity in a committee of an incompetent person to sue has been expressly conferred by statute, and there is no claim that the appointment was not regular and vested them with the title in which the suit was brought. (Code Civ. Proc. § 2340.) This would require a denial of the motion. The motion has, however, been fully argued and briefed as a motion for judgment on the pleadings. I shall ignore the words in the order, "have · no legal capacity to sue," and treat it as a motion for judgment upon the pleadings on the ground that the complaint fails to state facts sufficient to show a right of action in the plaintiffs as committee, which may properly be done under the request for general relief. This was probably the motion that defendant's attorney had in mind, but inadequately expressed. The question to be determined is: May the committee of the person and property of an incompetent, as such, bring an action to annul a marriage contracted by the incompetent before the adjudication of incompetency upon the ground that the incompetent was a lunatic at the time of the alleged marriage and was incapable of entering into a marriage contract? This question, so far as I have been able to discern, has never been determined. The court has no inherent or common-law jurisdiction in matrimonial actions. The Legislature has conferred power on the court to annul marriages, grant divorces or legal separations in certain specified cases, and has prescribed the persons who may invoke these powers. In the instant case the law applicable is to be found in sections 1747 and 1748

of the Code of Civil Procedure: "An action to annul a marriage on the ground that one of the parties thereto was a lunatic may be maintained at any time during the continuance of the lunacy or after the death of the lunatic in that condition and during the life of the other party to the marriage by any relative of the lunatic who has an interest to avoid the marriage. Such an action may also be maintained by the lunatic at any time after restoration to a sound mind. * * * Where no relative of the * * * lunatic brings an action to annul the marriage, as prescribed in * * * the last * * * [section], the court may allow an action for that purpose to be maintained at any time during the lifetime of both the parties to the marriage by any person as the next friend of the * * * lunatic. But this section does not apply where the marriage might have been annulled at the suit of the lunatic, as prescribed in the last section." It will be seen that the right to bring an action is limited to any relative who has an interest to avoid the marriage, a next friend or the lunatic after restoration to a sound mind. There is no mention in these sections of the committee of the incompetent. If the Legislature had intended that the committee should have that power it could very easily have incorporated a few words in the section apt to express such intent. The failure to mention the committee is significant of the legislative intent to exclude him from the right to bring such an action. The expression "next friend" has a definite and well-established meaning, *i. e.,* "one who, without being regularly appointed guardian, acts for the benefit of an infant, married woman or other person not *sui juris.*" (2 Bouvier Law Dict. [Rawle's Rev.] 500.) Without express statutory authority an action cannot be prosecuted by a guardian *ad litem* or next friend where a committee has been appointed. (*Rankert* v. *Rankert,* 105 App. Div. 37, 39.) The Code provides for the appointment of a committee for the incompetent, and gives him the right to prosecute actions on behalf of his ward. There being a well-known and recognized distinction between a next friend of and a committee of a lunatic, the Legislature must have had this distinction in view when the Code was enacted. The fact that the husband or wife of the incompetent is frequently appointed the commit-

tee may have been in the minds of the legislators, but what-
ever their reason it seems clear to me that having given the
power to bring such an action to the next friend and having
failed to mention the committee, the maxim *expressio unius est
exclusio alterius* applies, and shows the legislative intent to
exclude the committee of the lunatic from the provisions of this
section of the Code. (See *Mackey* v. *Peters,* 22 App. Cas. Dist.
of Col. 341.) The learned counsel for the plaintiff argues that
the power to bring such an action arises by implication from
the provisions of section 2340 of the Code of Civil Procedure,
which reads as follows: "A committee of the property,
appointed as prescribed in this title, may maintain in his own
name, adding his official title, any action or special proceeding
which the person, with respect to whom he is appointed, might
have maintained if the appointment had not been made." The
marriage with a lunatic is not void, but voidable. (Dom. Rel.
Law [Consol. Laws, chap. 14; Laws of 1909, chap. 19], § 7,
subd. 2.) As we have seen, the right to elect to avoid the
marriage vests in the lunatic only after restoration to a sound
mind, *i. e.,* if he has been judicially declared incompetent
after he shall be judicially declared competent, in which
event his committee would be discharged. (Code Civ. Proc.
§ 2343.) Unless the lunatic on recovery of his reason elects to
bring an action to annul the marriage it would continue in full
force and effect. Thus it can only be annulled by an affirma-
tive act on his part. The right to make this election does not
vest in the committee. While it may be said that the provi-
sion of section 1748 for the maintenance of such an action by
a next friend shows a right of action in the incompetent, for a
next friend can only bring an action in the right of the person
*non sui juris,* nevertheless, the special provision in section
1748, it seems to me, limits the general language of section
2340 and excludes the committee from the prosecution of an
action of this character. Nor do I think that the plain-
tiffs' argument is sound: that as the committee would be a
necessary party defendant he may become a plaintiff. The
incompetent is a necessary party. (*Coddington* v. *Larner,* 75
App. Div. 532; *Anderson* v. *Hicks,* 150 id. 289.) He has been
made a party in this action by order of the court. It is well

settled that the representative and the person whom he repre-
sents are not both necessary parties. As the same persons are
the plaintiffs and the committee, if it should appear that their
interest was inimical to the incompetent, the court would
appoint other persons to represent him; if not, they having
been served with process, will be charged with the duty of pro-
tecting his rights. The motion will be granted, and the action,
in so far as it purports to be brought by plaintiffs as committee
of the incompetent, is dismissed, with ten dollars costs. I would
suggest that there is no necessity of serving an amended com-
plaint. The order may provide that the words " individually
and as committee of the person and property of Herman N.
Walter, an incompetent person," be stricken from the title,
and that paragraphs 1 and 2 of the complaint be stricken out.
This leaves sufficient allegations in the complaint to sustain
the cause of action of the plaintiffs, as relatives of the incom-
petent having an interest to avoid the marriage, and does not
in any way prejudice the rights of the defendant under her
answer already served. Settle order on notice.

SCOTT, J. (dissenting):

I am unable to concur in the affirmance of this order, because
I think that it rests upon too technical a construction of section
2340 of the Code of Civil Procedure.

It is clear that, from the earliest times, courts of equity
have entertained actions to annul marriages upon the ground
of lunacy of one of the parties when the marriage was entered
into, or on the ground of fraud, and this in pursuance of their
general equity powers, and not in consequence of any statute.
(*Griffin* v. *Griffin*, 47 N. Y. 134.) The fundamental error of
the court below, as I view it, is the assumption that, as to this
class of cases, the court has no inherent jurisdiction. While
that is true of most matrimonial actions, it is not true of an
action to annul for lunacy. Sections 1747 and 1748 of the
Code of Civil Procedure did not confer upon the Supreme Court
jurisdiction to annul a marriage for such causes, but merely
provided that certain persons, other than the lunatic, might sue
for such an annulment. The sections did not touch the right
of the lunatic himself to bring such an action, which he could

do only through a committee. These sections were imported into the Code from the Revised Statutes. (R. S. pt. 2, chap. 8, tit. 1, art. 2, §§ 25-27; 2 R. S. 142, 143, §§ 25-27.) At the same time of the re-enactment of those sections in the Code, section 2340 was adopted, which provides: "A committee of the property, appointed as prescribed in this title, may maintain in his own name, adding his official title, any action or special proceeding which the person, with respect to whom he is appointed, might have maintained if the appointment had not been made." (See Laws of 1880, chap. 178; Laws of 1880, chap. 245, § 1, subd. 2, ¶ 4; Id. § 1, subd. 50; Laws of 1874, chap. 446, tit. 2, § 5.) We have the authority of Mr. Throop, one of the revisers, for the proposition that the purpose of this latter section was "to embrace all cases where a remedy is pursued." (Throop's Annotated Code Civ. Proc. 1880, note to § 2340.) And obviously I think it should be so construed as to carry out that purpose. It cannot be confined to actions which a lunatic could himself have brought after office found but before the appointment of a committee, for that would have deprived it of all meaning and effect, since by the fact of his adjudication as a lunatic he ceased to enjoy capacity to sue. The true meaning of the section is, I think, that the committee of a lunatic may bring any action or proceeding which his ward might have brought if he had not been adjudicated a lunatic. I, therefore, think that an action like the present may be maintained by the persons mentioned in sections 1747 and 1748, and also by a committee under section 2340. If this view is correct section 7 of the Domestic Relations Law (Consol. Laws, chap. 14; Laws of 1909, chap. 19), to the effect that "actions to annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure," offers no obstacle to an action by the committee of a lunatic.

I think that the order should be reversed and the motion denied.