CHARLES REED, Plaintiff, *v.* SADIE EDWARDS REED, Defendant.

(Supreme Court, Albany Special Term, January, 1919.)

Marriage — who may maintain an action to annul, on ground of lunacy — motion for judgment on the pleadings granted.

> An action to annul a marriage on the ground that the defendant, at the time of the marriage, was a lunatic and has ever since continued so to be, may only be brought in her behalf or by herself after restoration to sound mind, and a motion for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action will be granted.

ACTION to annul a marriage.

Arthur Helme, for plaintiff.

Earl Barkhuff, guardian *ad litem,* for defendant.

HINMAN, J. This is an action to annul a marriage on the ground, as set forth in the complaint, that at the time of the marriage the defendant was, and has ever since continued to be, a lunatic. The defendant, by her guardian *ad litem,* served an answer and upon the opening of the trial has moved to dismiss the complaint on the ground that " the complaint failed to state facts sufficient to constitute a cause of action and that this plaintiff was not the proper person to commence this action and did not have the legal capacity to sue."

The contention of the defendant is that an action for annulment on the ground of lunacy is not available to the sane party to the marriage against the alleged lunatic; that such action can only be maintained in

behalf of the lunatic or by the lunatic herself after restoration to a sound mind.

I agree with this view notwithstanding the contrary view expressed by Mr. Justice Greenbaum in *Liske* v. *Liske,* 135 N. Y. Supp. 176, and implied in the opinion of McAdam, J., in *Forman* v. *Forman,* 24 id. 917.

It has since been definitely settled that an action to annul a marriage is purely statutory and that when the statutes expressly define the exclusive method of bringing such an action, the court may no longer assert its original equity jurisdiction, independently of statute, to annul a contract on the ground of lunacy or fraud, and, therefore, may not add to those who are authorized by statute to maintain the action. *Stokes* v. *Stokes,* 198 N. Y. 301; *Walter* v. *Walter,* 217 id. 439.

In the latter case, attention is called to the Domestic Relations Law, section 7, which provides that: "Actions to annul a void or voidable marriage may be brought only as provided in the code of civil procedure."

Unless we find authority in the Code of Civil Procedure permitting the sane party to the marriage to maintain the action, the plaintiff in this action cannot succeed and the motion of the defendant should be granted.

Chapter XV, title 1, article 1, of the Code contains the sections which provide for actions to annul a marriage within the meaning of section 7 of the Domestic Relations Law. *Walter* v. *Walter, supra,* 443.

Section 1743 in said article provides:

"An action may also be maintained to procure a judgment, declaring a marriage contract heretofore or hereafter entered into void and annulling the marriage, for either of the following causes, existing at the time of the marriage:

" 1. That one or both of the parties had not

attained the age of legal consent or the age under which the consent of parents or guardians was required by the laws of the state where the marriage was contracted.

" 2. That the marriage between the parties was void.

" 3. That one of the parties was an idiot or a lunatic.

" 4. That the consent of one of the parties was obtained by force, duress, or fraud.

" 5. That one of the parties was physically incapable of entering into the marriage state. But an action can be maintained, under this subdivision, only where the incapacity continues, and is incurable.

" 6. That the parties to such marriage are within the degrees of consanguinity mentioned and set forth in section five of the domestic relations law."

The plaintiff urges that since subdivision 3 of the quoted section provides that an action to annul a marriage may be brought on the ground that one of the parties was an idiot or a lunatic, it thereby conferred the right to bring such action on either of the parties; that sections 1747 and 1748 provide the manner and way in which it shall be brought, if brought by the lunatic, but do not preclude the bringing of the action by the sane party to the marriage.

I cannot agree with that construction. No right of action in the plaintiff in this action can be predicated upon the language of subdivision 3. It is clear that section 1743 is merely a statement of the causes, existing at the time of the marriage, for which the annulment may be decreed. The term " parties " in subdivision 3 relates to parties to the marriage. The section is substantive rather than procedural and does not prescribe a form of remedy within the restriction of Domestic Relations Law, section 7, providing that

such an action " may be brought only as provided in the code of civil procedure." Section 1743 provides only a restatement of the grounds of annulment set forth in Domestic Relations Law, section 7. The sections of the Code following section 1743 provide the exclusive methods of bringing the action where one of such grounds therefor existed at the time of the marriage.

So to find a right of action in any particular party to the marriage for annulment thereof, we must look to the special provisions of the ensuing sections, and not to section 1743. For example, under section 1744, an action may be brought only by the infant, or some one in behalf of the infant, when it is sought to annul the marriage upon the ground that one of the parties had not attained the age of legal consent. Under section 1745, when a former husband or wife was living at the time of the marriage the action may be maintained by either of the parties, according to the express language of the section. Under section 1746, where one of the parties to the marriage was an idiot, the action may be maintained only by a relative of the idiot. Under section 1747, where one of the parties to the marriage was a lunatic, the action may be maintained only by a relative of the lunatic or by the lunatic herself after restoration to a sound mind. Under section 1748, where no relative of the idiot or lunatic brings an action, the court may allow an action for that purpose to be maintained by any person as the next friend of the idiot or lunatic.

It is clear from the foregoing that the legislature has been careful to enumerate those authorized to maintain such an action, and where it was intended that the action might be maintained by either of the parties clear language was used to confer such authority, as in section 1745, in a case of a former husband or

wife living at the time of the marriage. We find this true also in section 1752, where the ground of the action is the physical incapacity of one of the parties to the marriage. In the case of *Walter* v. *Walter, supra,* an application of the maxim " *expressio unius est exclusio alterius* " was used to exclude the committee of the lunatic from bringing such an action. The same reasoning applies here and excludes any legal authority for the sane party to maintain such an action.

While the question as to who can maintain such an action was not squarely before the court in the case of *Meekins* v. *Kinsella,* 152 App. Div. 32, it is worthy of note that the court in that case said (at p. 36): " Marriage is a civil contract, and before it can be canceled on the ground of lunacy or for want of understanding on the part of one of the parties, it must be satisfactorily shown that the party in whose interest or right the action is brought was mentally incapable of understanding the nature, effect and consequences of the marriage."

The legislative treatment of this matter, as I have construed it, is similar to the law governing contracts generally. Where the contract is invalid because one of the parties thereto was incapable of contracting, it can only be rescinded at the instance or in behalf of the party who did not have contractual capacity. It has always been regarded as binding upon the party who did possess such capacity. So in annulment of marriage contracts, the legislature seems to have intended that in the case of an infant, an idiot or a lunatic, the right of action shall lie only for the relief of such infant, idiot or lunatic, whereas in the case of annulment because a former husband or wife was living at the time of the marriage, the relief may be sought by either party.

The plaintiff, however, raises the point that if there is objection as to the capacity of the plaintiff to sue, it appears on the face of the complaint and should have been taken by demurrer, and the defendant is deemed to have waived it under section 499 of the Code, citing *Van Tuyl* v. *New York Real Estate Security Co.*, 153 App. Div. 409. See also Code Civ. Pro. § 488.

Capacity to sue, however, must be distinguished from the right to maintain an action. The objection raised in this case is not, as I conceive it, that the plaintiff has not legal capacity to sue within the meaning of said Code, section 488, but that the complaint fails to show a right of action in the plaintiff. The authorities make a clear distinction between " incapacity to sue " and " insufficiency of facts to sue upon." *Ullman* v. *Cameron*, 186 N. Y. 339, 343; *Bank of Havana* v. *Magee*, 20 id. 355, 359; *Ward* v. *Petrie*, 157 id. 301, 311; *Walter* v. *Walter*, 170 App. Div. 870; affd., 217 N. Y. 439.

As said by Judge Vann in *Ward* v. *Petrie, supra* (at p. 311) : " There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court."

As stated by Page, J., in *Walter* v. *Walter, supra* (at p. 871) : " Lack of legal capacity to sue has reference to some legal disability of the plaintiff, such as infancy, idiocy, adjudged insanity or want of title in the plaintiff to the character in which he sues which prevents his bringing any action in the courts in his own behalf, and not a fact that the complaint fails to show a right of action in the plaintiff."

The question of waiver raised here was raised in the *Walter* case and was there disposed of contrary to the contention of the plaintiff here.

So far as the defendant's motion involves the objection that the plaintiff has not legal capacity to sue, as

above defined, the question has been waived through failure to raise it by demurrer; but the purpose of the motion was not to urge that objection. The real motion of the defendant is for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action.

On this latter ground the motion is granted and judgment may be entered accordingly, without costs.

Judgment accordingly.