THEODORE P. KUYKENDALL, Plaintiff, *v.* THEODORE H. KUYKENDALL and THEOLA BECK KUYKENDALL, Defendants.

(Supreme Court, Tioga Trial Term, May, 1920.)

Marriage — annulment of — when party under the age of consent — Code Civ. Pro. § 1744.

Under section 1744 of the Code of Civil Procedure the parent of a boy under eighteen years of age may bring an action to annul his marriage on the ground that he had not attained the age of legal consent.

ACTION to annul a marriage.

Nathan Turk, for plaintiff.

Lynch & Clifford, for defendant Theola Beck Kuykendall.

TUTHILL, J. This action is brought to annul the marriage of the defendants, the plaintiff being the father of the defendant Theodore H. Kuykendall, who is alleged to have been under eighteen years of age at the time of the marriage. The defendant Theola Beck Kuykendall by her guardian *ad litem* demurs to the complaint on several grounds, but the legal question involved is whether the plaintiff has legal capacity to sue. The plaintiff's right to maintain the action is predicated upon section 1744 of the Code of Civil Procedure, which says in part: "An action to annul a marriage on the ground that one or both of the parties had not attained the age of legal consent may be maintained by the infant, or by either parent of the infant, or by the guardian of the infant's person; or the court may allow the action to be maintained by any person, as the next friend of the infant." By the common law " if a boy under fourteen or a girl under twelve years of age, marries, this marriage is only inchoate and imperfect; and, when either of them comes to the age of consent aforesaid, they may disagree and declare the marriage void, without any divorce or sentence in the spiritual court." 1 Blackstone, *436–*437.

The Revised Statutes advanced the age of consent to seventeen years for males and fourteen years for females (R. S. pt. 2, ch. VIII, tit. I, § 2), and also provided by section 21 of article 2, "A bill to annul marriage on the ground that one of the parties was under the age of legal consent, may be brought by the parent or guardian entitled to the custody of such minor, or by the next friend of such minor;" this provision is the derivation of section 1744 of the Code.

Mr. Throop, in his notes to this section, says: " Sec-

tion 21, amended so as to remove the obscurities of the original, as to the person entitled to maintain the action. The annulling of the marriage may be a matter of such paramount importance to the infant and his or her family, that no technical obstacles should be allowed to stand in the way of the power of the court to grant relief; and, therefore, sound policy seems to require that the obscurities of the statute should be cleared up, by enlarging the right to maintain the action, as is done by the amendment." Throop's Ann. Code Civ. Pro. chaps. 1–22.

It would seem to have been the intention of the legislature to give a parent the right to maintain an action to annul a child's marriage where the infant had not reached the age of consent. I do not find that the right of a parent to maintain an action of this character has heretofore been questioned. There are cases holding that the parties to the marriage must be parties to the action and such determination is most reasonable and logical. *Fero* v. *Fero,* 62 App. Div. 470; *Wood* v. *Baker,* 43 Misc. Rep. 310.

The argument of the learned counsel for the demurring defendant, that the party under age has the privilege of ratifying the marriage upon reaching the prescribed statutory age is not questioned, and if such is his desire he could so answer and ask judgment accordingly. *Allerton* v. *Allerton,* 104 Misc. Rep. 627; *Marone* v. *Marone,* 105 id. 371; *Magee* v. *Nealon,* 108 id. 396. In the case last cited, *Magee* v. *Nealon,* the opinion states: " This court has entire jurisdiction and in its determination must proceed as a court of equity, granting or withholding the desired relief as justice requires (*Berry* v. *Berry,* 130 App. Div. 53), except under certain specified contingencies, when the marriage in no event can be annulled. Code Civ. Pro. § 1744." A case can be conceived, however, where chil-

dren of immature years, under the age of consent and without judgment might marry and be unwilling to ask that a sentence of nullity be declared as to their unwise act, yet under such circumstances a parent would not only be justified, but it would be clearly a moral and parental duty to have the marriage annulled, and I believe the law has been formulated to meet such and similar exigencies.

The demurrer is overruled, but as the question involved is somewhat novel and arises between an infant defendant and a parent, costs are withheld.

Judgment accordingly.