JOSEPHINE KEMMELICK, a Lunatic, by EDWARD G.
    KOREN, Appointed next Friend of Said JOSEPHINE
    KEMMELICK, a Lunatic, Plaintiff, *v.* LOUIS KEMME-
    LICK, Defendant.

(Supreme Court, Erie Special Term, January, 1921.)

Actions — when may not be maintained by alleged " next
    friend " of a lunatic — marriage — default — evidence —
    parties — Code Civ. Pro. § 1748.

An action by the " next friend " of a lunatic as permitted
by section 1748 of the Code of Civil Procedure, should be
brought and prosecuted in the name of the " next friend " and
not in the name of the lunatic. (P. 200.)

Upon a petition setting forth the alleged insanity of a wife
an order was made and entered appointing petitioner as
" next friend " for the purpose of maintaining an action for
the annulment of the marriage of plaintiff to defendant. Upon
application for judgment as by default it appeared in answer
to questions asked by the court, that the petition was pre-
sented and the action brought at the request of defendant
and that instead of being the " next friend " of the wife, the
plaintiff all the time had been acting as the " next " and best
friend of the defendant. *Held,* that the application for judg-
ment should be denied. (P. 199.)

Where, notwithstanding queer and peculiar acts on the part
of the wife shortly after the marriage, it appears that they
lived together for four years before she was declared insane,
and had two children, and the evidence does not justify a
finding that she did not at the time of the marriage understand
the nature, effect and consequences thereof, the annulment will
be denied even though all other reasons for rejecting the
application for judgment should fail. (P. 202.)

The order in this case " that an action may be maintained "
by plaintiff as " next friend " did not authorize the bringing
of the action by him without making the wife a party defendant.
(P. 201.)

ACTION for the annulment of a marriage.

WHEELER, J.  This action is brought to annul the marriage between the plaintiff and the defendant on the alleged ground that at the time the marriage took place in November, 1908, the plaintiff was a lunatic, and her insanity is incurable.

On the 17th day of December, 1920, Edward G. Koren presented a petition to this court setting forth the alleged insanity of the plaintiff, and asking that an order be granted appointing him as *next friend* of the plaintiff "for purpose of maintaining this action for the annulment of the marriage, pursuant to sections 1747 and 1748 of the Code of Civil Procedure." On this petition an order was made and entered providing "that an action may be maintained by Edward G. Koren as next friend of Josephine Kemmelick" for the anulment here asked.

Thereupon this action was brought in the form indicated in the caption to the action.  No answer was interposed by the defendant, and the plaintiff then proceeded before this court to give evidence for the purpose of obtaining judgment asked as by default.

The proceeding was so unusual that the court proceeded to ask questions for itself, on the hearing.

It then developed that Koren, the so-called next friend of the plaintiff, presented the petition and brought this action at the request of the defendant himself.  The defendant on the witness stand testified to the same thing.  It thus appears that instead of being the "next friend" of the plaintiff Koren all the time in fact has been acting as the "next" and best friend of the defendant, and without seriously considering the real and true interests of the plaintiff.

Under these circumstances this court ought not to grant the annulment asked.

The case of *Reed* v. *Reed,* 106 Misc. Rep. 85, holds that an action to annul a marriage on the ground of

the insanity of a party to it can only be maintained by the lunatic, and cannot be maintained by the other party to it.

In that opinion Mr. Justice Hinman discusses the proper construction to be placed on the various sections of the Code of Civil Procedure relating to such actions, and reaches the conclusion stated above.

It was to avoid the force and effect of this decision that the defendant in this action undertook to get around his own disqualification to bring an action for annulment by procuring the action to be prosecuted against himself by an alleged " next " friend. We do not think the court should tolerate this practice. We are unable to discover how the interests of the plaintiff can be advanced in any way by an annulment of the marriage. On the other hand we can well see how the interests of the alleged defendant may be served by such an annulment, which would relieve him of the duties and obligations of a husband to the unfortunate plaintiff.

On principles of justice and equity we think the court should not permit itself to be used for any such purpose.

Independent of these considerations we are of the opinion the action is not well brought.

We are of the opinion that if an action is to be brought by the " next friend " of a lunatic, as permitted by section 1748 of the Code of Civil Procedure, the action should be brought and prosecuted in the name of the " next " friend, for the purpose named, and not in the name of the lunatic.

This, indeed, seems to be the practice pursued in other cases. *Coddington* v. *Larner,* 75 App. Div. 532; *Meekins* v. *Kinsella,* 152 id. 32; *Anderson* v. *Hicks,* 150 id. 289.

So too in actions brought by a parent, pursuant to

section 1744 of the Code, to annul the marriage of a child on the ground such child had not reached the age of legal consent. *Fero* v. *Fero,* 62 App. Div. 470.

In such an action where the action is prosecuted by the " next friend " of the lunatic the lunatic becomes a necessary party defendant, and the case cannot proceed without such lunatic being brought into court. *Coddington* v. *Larner,* 75 App. Div. 293; *Anderson* v. *Hicks,* 150 id. 293.

In the latter case the court said: *" But the plaintiff suing as a relative does not stand in the shoes of the alleged lunatic as to represent him by substitution."* Neither does the *" next friend "* represent the lunatic so *" as to represent her by substitution."*

The order of the court permitting an action to be brought is nothing more than permission to sue. The insane and infants are in a sense regarded as the wards of the court and permission to bring suit simply authorizes suit brought in the proper way with the proper defendants, and to reach the case in hand included the lunatic as a party defendant. The order made may be likened to one permitting a party to sue a receiver appointed by the court.

The same rule requiring the lunatic to be made defendant has been repeatedly held to be the law in cases where a parent brings an action to annul a marriage made by the child before reaching the age of consent. *Fero* v. *Fero,* 62 App. Div. 470; *Wood* v. *Baker,* 43 Misc. Rep. 310.

An examination of the order made permitting action to be brought to annul the marriage in this case in no way departed from the rule. It was an order *" that an action may be maintained by Edward G. Koren as next friend."* It did not authorize the action to be brought in the name of the plaintiff without making the insane person a party defendant.

To grant an annulment in this case would be to dispense with the safeguards which the law throws around judicial proceedings for the protection of the helpless and incompetent.

It might be further said that in our judgment the proof fails to make out a satisfactory case even though all the other reasons for rejecting the application for judgment should fail. Mere insane delusions or hallucinations are not sufficient in and of themselves to annul a marriage, but before such a contract can be cancelled on the ground of lunacy or for want of understanding it must be satisfactorily shown that the party in whose interest or right the action is brought was mentally incapable of understanding the nature, effect and consequences of the marriage. *Meekins* v. *Kinsella,* 152 App. Div. 36, and cases cited.

I do not think the evidence establishes such a case. It is true certain queer and peculiar acts on the part of the wife are testified shortly after the marriage to the defendant, but they lived together for some four years after the marriage before she was declared insane. She bore him two children, and I do not think the evidence adduced would justify the court in finding the wife did not at the time of her marriage understand the nature, effect and consequences of the marriage.

For these reasons the application for judgment must be denied.

Application denied.