A. ALBERT FELDMAN, Plaintiff, *v.* HENRY INTRATOR, Defendant.

Supreme Court, Erie County. January 16, 1941.

*Benjamin A. Quitt*, for the plaintiff.

No appearance for the defendant.

Maloney, J.   The plaintiff, as the father of Roslyn Intrator, an infant twenty years of age, seeks a judgment of annulment in favor of his daughter and against the defendant herein.

The defendant is of full age and was married to the plaintiff's infant daughter on September 3, 1939.   The complaint alleges that plaintiff's infant daughter was induced to marry defendant by reason of the defendant's fraudulent misrepresentations as to material facts, and that upon the discovery of the alleged fraudulent misrepresentations by the plaintiff's infant daughter, she separated from the defendant and has not cohabited or consorted with him since the discovery of the same.

Such an action may be maintained by the plaintiff as provided in section 1139 of the Civil Practice Act.   The summons and complaint were served upon the defendant but he failed to appear, answer or otherwise plead to such complaint.   Thereupon, plaintiff moved for judgment in favor of the plaintiff and against the defendant by default.   It is to be noted that the infant daughter of the plaintiff, the wife of the defendant, was not made a party to the within action, as party plaintiff or party defendant.   The husband and wife are competent, essential and necessary parties to an action to annul their marriage.

Section 1139 of the Civil Practice Act does not substitute a parent in place of or in stead of either of the parties to the marriage. It grants a specific right to a parent to maintain and prosecute such an action.   The plaintiff parent, in the final analysis, is merely a vehicle to bring to the attention of the court facts which he or she believes to warrant the granting of a judgment of annulment.

Said section 1139 must be read and construed in connection with other sections of the Civil Practice Act which regulate the procedure in actions of this character.   Among such provisions are those contained in sections 194, 209 and 211 of the Civil Practice Act.   Section 210 of the Civil Practice Act permits the father to prosecute the action on behalf of his daughter without making her a party plaintiff but does not justify him in failing to make her a party defendant.

In the case of *Fero* v. *Fero* (62 App. Div. 470, 471, 472) the learned justice states: " The complaint herein alleges that Glen D. Fero consents to the bringing of the action, and he certainly is united in interest with either the plaintiff or the defendant.   If he desires to have the marriage annulled, he is interested in obtaining the judgment demanded; but if, on the other hand, he is satisfied with his marital relations, his interest is adverse to that of the plaintiff.   In either case the controversy ought not to be determined

until he is brought into the action. The rule contended for by the plaintiff's counsel would permit a parent, guardian, or 'any relative' of a party to invalidate a marriage without the consent or knowledge of either of the parties thereto, and, if it were to obtain, might prove subversive of social order, sound policy and good morals." (See, also, *Wood* v. *Baker*, 43 Misc. 310; *Kuykendall* v. *Kuykendall*, 112 id. 12; *Coddington* v. *Larner*, 75 App. Div. 532.)

The failure of the plaintiff to join his infant daughter as a party to the action is fatal as it goes to the jurisdiction of the court to determine the rights of the interested parties to the marriage. A judgment by default is, therefore, denied and the complaint is dismissed, without costs, with the privilege to the plaintiff, if he so desires, to plead anew.