HELEN ADAMS, Plaintiff, *v.* NICOLA VULOVICH et al., Defendants.

Supreme Court, Special Term, Onondaga County, December 5, 1947.

*Koplovitz & Cohen* for plaintiff.

*Costello, Cooney & Fearon* for Nicola Vulovich, defendant.

MALPASS, J. The plaintiff in this action is the mother of the defendant, Georgette Wilma Vulovich. The plaintiff seeks an annulment of the marriage of her said daughter to the defendant, Nicola Vulovich, on the ground that her daughter at the time of the marriage was a lunatic and incapable of consenting to the marriage for want of understanding.

The plaintiff has made this motion for an allowance to her for counsel fees in the amount of $500 to enable her, the plaintiff, to prosecute the action and directing payment of the same by the defendant, Nicola Vulovich, the husband of plaintiff's daughter.

The plaintiff has joined as defendants both her daughter, Georgette Wilma Vulovich, and the daughter's husband, Nicola

Vulovich. This is proper procedure. (*Anderson* v. *Hicks*, 150 App. Div. 289.) The defendant husband has interposed an answer in which he seeks the annulment of the marriage on the same grounds as specified in the complaint of the plaintiff. It appears from the affidavits submitted to the court that the wife is now confined in a mental institution and also that no appearance in this action has been made in her behalf.

Section 1137 of the Civil Practice Act provides that an action to annul a marriage upon the grounds provided in the complaint herein may be brought "by any relative of the lunatic who has an interest to avoid the marriage." It would seem, therefore, that the plaintiff has the right to bring this action by reason of the express provision of the statute, but the question to be decided on this motion is whether or not the right of a wife to be awarded counsel fees in a similar action passes to the relative of a wife, who brings the action as such relative.

The power of the court to make orders in matrimonial actions is limited by statute (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456, 462; *Waddey* v. *Waddey,* 290 N. Y. 251, 253). Section 1169 of the Civil Practice Act provides that the court in its discretion may make an order, "requiring the husband to pay any sum or sums of money necessary to enable *the wife* to carry on or defend the action ". (Italics supplied.) A strict interpretation of the statute leads to the conclusion that the right to counsel fees is for the benefit of and limited to the wife. In *Farnham* v. *Farnham* (227 N. Y. 155, 158) the court said: "Alimony and counsel fee can only be allowed when the relation of husband and wife exists."

In that case an order granting counsel fees to a surviving wife against whom an action was brought by the sister of her deceased husband for the annulment of her marriage was reversed. In the instant case, the plaintiff, who is the mother of the wife, seeks an allowance for counsel fees. The relationship between her and the defendant husband is not such as would entitle her to the order which she seeks in this application and the motion for counsel fees should be denied.

An order may be entered herein denying the motion of the plaintiff, with $10 costs to the defendant, Nicola Vulovich.