■ ANN SCHUSTER, Appellant, v. IRWIN SCHUSTER, Respondent.— In a divorce action, the plaintiff wife appeals from an order of the Supreme Court, Queens County, dated December 16, 1971, which granted the defendant husband's motion to enjoin plaintiff and her agents from performing any acts to interfere with his continued residence in the marital home during the pendency

of the action and awarded him a counsel fee of $100. Order reversed, without costs, and motion denied. It appears uncontroverted from the record before us that the wife and her parents are the owners of the marital home and that the husband has no legal interest therein. The statutes impose no duty upon the part of a wife to provide her husband with shelter where, as here, he is fully employed, and is not a mental patient or likely to become in need of public assistance (cf. Family Ct. Act, §§ 412, 415). Accordingly, under the circumstances of this case, it was error to enjoin her from locking her husband out, especially where he admits that his presence is a cause of hostility and friction between the parties. In addition, it is plain that the award of counsel fees to the husband was not authorized by statute and was therefore improper (Domestic Relations Law, § 237; *Adams* v. *Vulovich*, 191 Misc. 464). Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.