### BROWN v. BROWN.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

MARRIAGE (§ 58*)—ANNULMENT.

Plaintiff was entitled to decree declaring void a ceremonial marriage entered into with one who had a living wife, from whom he was not divorced, though she knew him to be a married man at the time of such marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115–123; Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

Action by Mary Brown against Robert Brown to annul a marriage. From judgment for defendant, plaintiff appeals. Reversed, with directions to enter judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

M. E. Duffy, of New York City, for appellant.

CLARKE, J. This is an action to annul a marriage. The complaint alleged that on the 18th day of March, 1911, plaintiff and defendant were duly married in the borough of Manhattan, city of New York, state of New York; upon information and belief, that at the time of the marriage of plaintiff and defendant the defendant had a wife living, and that no decree of divorce had been made or entered, annulling or dissolving said former marriage, and that said former marriage was in existence at the time of the marriage between plaintiff and defendant; that there is no issue of this marriage. The summons and complaint were served on defendant personally on the 11th day of December, 1911. No appearance, answer, or demurrer was served. The case came on for trial before the Special Term as an undefended action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff testified to a ceremonial marriage with the defendant on March 18, 1911, and that she lived with the defendant from the marriage until about the 1st of May; that she first discovered that her husband had another wife living about the last of April, 1911; that she had not lived with him since, and that she did not know the other woman, who was married to her husband. Plaintiff thereupon called as a witness one Anna K. Brown, who testified that she was married to the defendant on the 15th day of May, 1893, and that she had lived with him until 1902, and that she had seen him many times since. She gave evidence tending to show that the plaintiff knew of her marriage to the defendant. The court found:

"That the plaintiff was well aware of the existence of the former marriage, and that she knew and had good grounds for knowing that the defendant's first wife was still alive."

And as a conclusion of law:

"That the plaintiff is not entitled to a decree of divorce annulling the marriage, and that the complaint should be dismissed"

—and therefore directed judgment accordingly.

The learned court based its decision upon Berry v. Berry, 130 App. Div. 53, 114 N. Y. Supp. 497. That was an action to annul a marriage, brought by the husband, upon the ground that at the time of the marriage he had a legal wife, to whom he had been previously married, living, and who was still alive. In that case this court said:

"The question here presented is whether the conclusions of law are supported by the findings of fact—whether the husband who contracted a void marriage in bad faith can maintain an action to relieve himself of the consequences of said marriage by a judgment of the court annulling the same, and so obtain the benefit of the provisions of section 1754 of the Code of Civil Procedure, providing that 'a final judgment annulling a marriage, rendered during the lifetime of both the parties, is conclusive evidence of the invalidity of the marriage in every court of record or not of record, in any action or special proceeding, civil or criminal.' "

After an examination of the statutes and cases cited, we proceeded:

"The Supreme Court is vested with the powers of the Court of Chancery. I take it, therefore, that the doctrine is still true that, while its entire jurisdiction in matrimonial causes is conferred and regulated by statute, yet in the exercise of that jurisdiction, unless controlled by positive enactment, it proceeds as a court of equity. Indeed, the very provisions in the sections of the Code of Civil Procedure relating to divorce and separation, permitting counterclaims, and denying relief to a guilty plaintiff, no matter how guilty the defendant may prove to have been, is statutory proof of the existence in that court in such actions of the maxim, 'The plaintiff must come into court with clean hands.' * * * It seems to me, therefore, that the court in actions to annul a marriage under the provisions of the Code of Civil Procedure, derived from the statutes theretofore existing, acts as a court of equity."

And the judgment was affirmed.

A vigorous dissenting opinion was written by Mr. Justice Scott, with whom Mr. Presiding Justice Ingraham concurred. That opinion stated:

"Whether or not a party who knowingly contracts a void and bigamous marriage should be permitted to maintain an action to have its invalidity ju-

dicially determined is for the Legislature to decide, and not the courts. When the Legislature has enacted that he may maintain such an action, as I think it clearly has in this state, there is no ground for refusing to enter judgment for reasons which apply only to actions of purely equitable cogni-. zance, where the discretionary powers of a court of equity are invoked. In my opinion, upon the facts found, the plaintiff is entitled to a decree declaring his marriage with the defendant void, as it unquestionably is and has been from the beginning."

Berry v. Berry, supra, was decided January 8, 1909. On November 27, 1908, the Appellate Division of the Second Department handed down a decision in Stokes v. Stokes, 128 App. Div. 838, 113 N. Y. Supp. 142. That was an action to annul a marriage, brought by the husband on the ground that the defendant had a husband living at the time of the second marriage. A divided court denied the relief prayed, saying:

"The questions then presented are: Can the court decline to give judgment annulling the second marriage? Is the statute mandatory, conferring on the plaintiff the right to the relief sought as a matter of strict legal right; or may the court, in the exercise of its equitable powers, inquire into the circumstances, and deny the plaintiff judgment, where the plaintiff does not come into court with clean hands, and to annul a marriage would be highly inequitable? * * * Plaintiff was not at liberty to play fast and loose with the defendant, and the relationship created by the second marriage, and that it was unconscionable for him to induce the defendant, under promise of protection, to continue to cohabit with him as his wife, only at a later day to repudiate that relationship and bring an action to annul the marriage. His conduct as found was such as appeals to us as worthy of condemnation, and we believe we transgress no principle of law or equity in refusing the relief asked by him."

That case was appealed to the Court of Appeals (198 N. Y. 301, 91 N. E. 793), decided April 26, 1910, and of course subsequent to the decision of this court in Berry v. Berry, supra. Vann, J., said:

"An action to annul a marriage is purely statutory, and a brief reference to the statutes governing the subject is a proper foundation for a review of the questions presented by this appeal. * * * The marriage between the parties to this action was either void or voidable, for the first husband of the defendant was living and undivorced when it was contracted. If she knew or should have known the fact at that time, it was absolutely void, with no binding force upon either party, and their relations were not sanctioned by law, whether they realized it or not. If she did not then know it within the true meaning of the statute, and she married the second time in the full belief, after the due observance of the five years provision, that her husband was dead, the marriage was not void, but voidable, binding upon both parties thereto until action by the court, and their relation was that of honorable marriage, with no stain on the good name of either, and no blight on the status of any child they might have. The theory of the complaint is that the marriage between the parties was absolutely void, for it alleges that the former marriage was in force when the second marriage was contracted. This is the logical and proper form of pleading to attack the integrity of the second marriage and to procure an adjudication that it was void. The answer denies any knowledge or information sufficient to form a belief that the former husband of the defendant was alive when she married the plaintiff, and, upon information and belief, denies that the former marriage was then in force. It is alleged as a separate defense that five years had elapsed since the defendant last heard of her former husband, and that she believed him to be dead, after making due search and diligent inquiry before she married the plaintiff. Insisting that her second marriage was valid when contracted, and that it is still valid, and with no plea that the plaintiff was-

not in an equitable position to maintain the action, she asked that the complaint be dismissed. * * * The deposition of the former husband of the defendant, read in evidence by the plaintiff without objection, tended to show that she knew that her absent husband was alive when she contracted the marriage with the plaintiff, or at least that she could easily have ascertained that fact by the diligent inquiry which the law required her to make before entering into the second marriage. This evidence, if believed by the trial justice, was sufficient to establish as a fact that the defendant knew when she married the plaintiff that her former husband was alive; for knowledge, within the true meaning of the statute, involves all that a person of ordinary prudence would have discovered under like circumstances by an inquiry conducted in good faith with the diligence required by the importance of the subject. * * * The final claim of the defendant is that it was admitted that both parties acted in good faith, and that this is conclusive. * * * As no child had been born to the parties, and the first husband of the defendant was alive at the time of the trial, it was immaterial under the pleadings whether the plaintiff acted in good faith or not; for the marriage was voidable in any event, and void in a certain event, which did not depend on his good faith but upon her good faith. * * * The admission was apparently regarded as meaning good faith in fact, but not in law, or, in other words, that the defendant supposed that she had the right to marry, even if she had not used due diligence to inquire whether her first husband was alive. Whatever it meant, we are of the opinion that it did not mean good faith in the statutory sense. * * * While it may well be that there are extreme cases where the position of the party seeking relief of the kind sought here is so inequitable that a court of equity will refuse to interfere, no such defense was pleaded or sufficiently proved in the case before us."

And the judgment was reversed.

In the case at bar no answer at all was put in, and hence, of course, no equitable defense was pleaded. The action was brought by the wife, founded upon the previous and existing marriage of her husband. She was not shown to have deceived him; but the reason for the decision below was that, as she had not been deceived by him, inasmuch as she knew of his previous marriage when she married him, she was not entitled to a decree declaring the marriage void, although it was void in law. While the equitable principle, made the basis of our decision in Berry v. Berry, supra, seems to be recognized in the opinion of Judge Vann in the Stokes Case, supra, yet, although the Appellate Division in the Second Department deemed the facts required it, he declined to apply it to the case then before the court. In view of that decision of the court of last resort, we feel bound to limit the Berry Case to the exact facts there before the court, to wit, where a guilty party sought to aid the court to relieve himself of the consequences of his own wrongdoing.

As upon this record the marriage was void, and not merely voidable, the plaintiff was entitled to a decree declaring it void.

The judgment appealed from should therefore be reversed, and as, upon the findings of fact, plaintiff is entitled to a decree, there is no necessity for a new trial, and judgment may be entered as prayed, with costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. SCOTT, J., concurs in dissenting opinion in Berry v. Berry, 130 App. Div. 53, 114 N. Y. Supp. 497.