(173 App. Div. 767)

ERLANGER v. ERLANGER (two cases).

(Supreme Court, Appellate Division, Second Department.  June 9, 1916.)

1. DISMISSAL AND NONSUIT ⬅19(1)—EFFECT OF ANSWER—ACTION FOR ANNULMENT OF MARRIAGE.

In an action to dissolve a marriage on the ground of a prior existing marriage, where the defense is a general denial on information, and defendant is entitled to relief under Code Civ. Proc. § 1745, adjudicating the rights of children of such marriage, plaintiff's motion for a discontinuance will be denied.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 33; Dec. Dig. ⬅19(1).]

2. MARRIAGE ⬅62—ANNULMENT—ALIMONY.

In such case an allowance to the defendant of temporary alimony and counsel fees is proper.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 137; Dec. Dig. ⬅62.]

Appeal from Special Term, Westchester County.

Action by Arthur G. Erlanger against Harriet E. Erlanger to annul their marriage.  From an order of the Special Term denying plaintiff's motion for discontinuance, and from an order granting defendant's motion for alimony and counsel fees, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Bernhard Bloch, of New York City, for appellant.

David J. Gladstone, of New York City, for respondent.

STAPLETON, J.  The plaintiff, alleging his marriage to another woman now living, which marriage has not been annulled or dissolved, and a subsequent ceremonial marriage with the defendant, brings this action to annul his marriage with the defendant. The defendant, in her answer, denies any knowledge or information sufficient to form a belief of the fact of the former marriage. She specially pleads that two children were born as the issue of the subsequent marriage, and that she was without any knowledge of the former marriage at the time the ceremony between her and the plaintiff was performed.  She demands general relief.  She moved for alimony pendente lite and for counsel fee.  From the order granting the motion an appeal is taken.  Plaintiff thereafter moved to discontinue his action, and from the order denying that motion an appeal is taken.  We are considering both appeals in this opinion.

Even though the prior marriage were proved, the defendant would be entitled to have the complaint dismissed on the merits, should this court accept Berry v. Berry, 130 App. Div. 53, 114 N. Y. Supp. 497, as an authority.  The effect of that decision as an authority has been limited in Brown v. Brown, 153 App. Div. 645, 650, 138 N. Y. Supp. 602; and if it were necessary we should be inclined to examine the decision in the light of Stokes v. Stokes, 198 N. Y. 301, 91 N. E. 793.  See also Walter v. Walter, 217 N. Y.

439, 111 N. E. 1081. We deem it unnecessary, however, because in the case at bar children are involved.

[1, 2] We think it is clear, from the issue raised by her answer, that the defendant is entitled to have the status of the plaintiff, as to his competency to contract the marriage with her, established. If it be established that he was incompetent to contract, she is also entitled to the relief prescribed by section 1745 of the Code of Civil Procedure. It was therefore proper for the court to award her alimony and counsel fee. Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9. It was proper for the court to deny the plaintiff's motion to discontinue the action. Winans v. Winans, 124 N. Y. 140, 26 N. E. 293.

The orders appealed from should be affirmed, with $10 costs and disbursements in each case. All concur.