CHARLES SLATER, Plaintiff, *v.* CATHERINE KENNY, Sometimes Known as CATHERINE SLATER, Defendant.

Supreme Court, Trial Term, Queens County, March 19; 1941.

*C. Parke Masterson*, for the plaintiff.

*Benjamin J. Pomerance*, for the defendant.

JOHNSON, J. In this action to annul his marriage, plaintiff sets up two causes of action. The second is based upon alleged fraud by reason of which he claims to have been induced to enter the marriage. That claim is dismissed on the ground that he has not proven a preponderance of evidence. The remaining cause of action alleges that he married the defendant not knowing that she already had a husband living, and that they did not live together

after he learned of that fact. The issue of veracity, between the two parties mostly, is decided in her favor and, therefore, the only surviving allegation in the first cause of action is that at the time of the marriage she had a husband living. I find that all the facts concerning that prior marriage were known to the plaintiff before he married the defendant, and that they lived together long after the date that he alleges he first heard the facts.

The proof showed that in 1919 the defendant went through a ceremonial marriage with one Kroell and that not long thereafter, a woman who exhibited a marriage certificate indicating that she was the wife of Kroell, called upon the defendant and made her status known, and the defendant did not thereafter live with Kroell. No action was taken to have this 1919 marriage annulled. *Prima facie* it was a void marriage, if the woman in question really was the wife of Kroell at the time of the 1919 marriage. The documentary proof offered to me by the defendant in support of the claim that her 1919 marriage to Kroell was invalid was, perhaps erroneously, rejected for form. I, therefore, must find that there is not sufficient evidence here of the alleged prior marriage of Kroell, although I do find that the testimony about the woman calling with the certificate is true. Thereafter, within five years, the defendant having informed plaintiff of these facts, refused to marry him and they went to live together on his boat. Thereafter, he convinced her that her 1919 marriage was invalid and they went to the license bureau in Manhattan and were married in 1923. They continued to live together at intervals until about 1932. This action was begun in 1940.

The proof requires finding that at the time of the 1923 marriage, Kroell was alive and not divorced, and in the absence of any acceptable proof that Kroell had a wife living in 1919, the 1923 marriage between the parties to this action must be deemed void under the provisions of section 6 of the Domestic Relations Law. There is no situation here which would bring the marriage under subdivision 3 of that section, nor any part of section 7. The plaintiff is not suing the defendant under the name of Kroell but is suing her under her maiden name of Kenny, and he seeks to annul the marriage on the ground that it was absolutely void. The question still to be answered is the application of any equitable principles in this action.

The finding of fact that he entered the marriage knowing that it was with one who already had a husband living and continued to live with her thereafter, would ordinarily be sufficient for a court of equity to refuse to rescue him from the situation that he had created for himself. It is claimed that in void marriages no

equitable considerations may be applied. The authorities are not numerous where plaintiffs seeking to annul void marriages have been shown to have entered into them with full knowledge of what they were doing, but some authorities have discussed the subject of the application of equitable principles in suits to declare void marriages contracted in defiance of subdivision 3 of section 6 and subdivision 5 of section 7 of the Domestic Relations Law. These sections relate to the absence for five years. In *Berry* v. *Berry,* decided in 1909 (130 App. Div. 53), the plaintiff had married within two months after receiving a letter from abroad stating that his wife was dead, but he made no inquiries and later sought to annul the marriage. There was no proof that he knew, at the time of the marriage, that his first wife was really alive, but there were other aspects of the case which caused the trial court to say that he was not entitled to the help of a court of equity. It seems to me that that marriage was void under section 6 rather than voidable under section 7. That court divided but decided against him. After discussing at length the question of the applicability of equitable principles to an action brought under statutory authority the majority decided that he should be denied relief on equitable principles. Thereafter, in 1910, the Court of Appeals (198 N. Y. 301) reversed *Stokes* v. *Stokes,* decided by the Second Department where the question of the application of equitable principles was involved. When practically the same question as in the *Berry* case came before the First Department again (*Brown* v. *Brown,* 153 App. Div. 645 [1912]), that court felt obliged to limit the Berry decision to cases where " a guilty party (seeks) the aid of the court to relieve himself of the consequences of his own wrongdoing." They gave relief to the plaintiff in the *Brown* case on an inquest where the defendant had neither answered nor appeared at the inquest and where the findings of fact below showed that the plaintiff had married knowing that the defendant already had a wife. Apparently this reversal of attitude was based upon the belief that the Court of Appeals had disapproved of applying equitable principles in such cases. In 1916, however, CRANE, J. (*Tiedemann* v. *Tiedemann,* 94 Misc. 449), pointed out that " the First Department thought that the Court of Appeals in the *Stokes* case refused to apply the equitable principles involved," but that " this was a mistake " (p. 451). It seems, therefore, that even in actions to set aside void marriages the plaintiff is not entitled as a matter of right to a decree if equitable considerations stand in the way and that in addition he must show that he is not a guilty party seeking the aid of the court to relieve himself of the consequences of his wrongdoing.

I think the plaintiff in this case is in that position and that he is not entitled to a decree as a matter of right. This case came for trial from the Special Term calendar and the decree sought for is undoubtedly grantable only in an equity court, and under all the circumstances a court of equity should not grant this relief to this plaintiff.