ELIZABETH R. FONDILLER, Plaintiff, *v.* RICHARD FONDILLER et al., Defendants.

Supreme Court, Special Term, New York County, June 2, 1944.

*Robert Cooper* for plaintiff.

*Nathan April* for defendants.

McLAUGHLIN, J. The plaintiff sues for judgment in a matrimonial action, asking that a decree be made, dissolving and annuling the purported marriage of the defendants, and restraining and enjoining defendants from holding themselves out as husband and wife; and also for a declaratory judgment declaring that the plaintiff is the lawful wife of the defendant Richard Fondiller, that he and Anna K. Daniels are not husband and wife, and that the Nevada decree of divorce procured by the defendant Richard Fondiller against this plaintiff is invalid.

The plaintiff and the defendant Fondiller were married in 1917. They separated in 1939. In August, 1941, that defendant instituted an action for divorce against the plaintiff in the State of Nevada upon the ground of cruelty. She was served with process in New York, but did not appear or authorize anyone to appear in her behalf, and a judgment was obtained by default against her.

Upon this trial she has established that their domicile was in New York State. Documentary evidence, in the form of Exhibits A and B are attached to the complaint, one a stipulation, and the other the order of this court restraining the defendant Fondiller from instituting any action for divorce in any other jurisdiction except the State of New York. The stipulation also shows that the defendant was possessed of assets which, if he died, would be distributable to his heirs and become part of the assets of his estate.

There is no question that the defendants entered into a marriage ceremony in the State of Florida in April, 1942, and that since that time both have been living in the State of New York

as husband and wife. The defendant Fondiller appears to justify this relationship on the ground that he established a residence in the State of Nevada in July, 1941, and obtained a divorce which should be given full faith and credit under the Federal Constitution, asserting that such is the ruling in *Williams* v. *North Carolina* (317 U. S. 287). He also asserts that there is no public policy in the State of New York which requires that its courts disregard a divorce judgment obtained by a resident of New Jersey in the State of Nevada.

With regard to his first contention, there is a real issue of fact presented as to what his intention was when he went to Nevada. He attempted to give the reason for going there as connected with his business. Such testimony is unbelievable in view of the circumstances and facts surrounding his relations with the other defendant Daniels and his going to that State. The court does not believe it. It is that type of testimony described by Justice GAYNOR when he said in *Punsky* v. *City of New York (Nos. 1 & 2)* (129 App. Div. 558, 559) : " If everything or anything had to be believed in court simply because there is no witness to contradict it, the administration of justice would be a pitiable affair."

It is clear that this defendant went to Nevada with the sole intention of obtaining a divorce. He never acquired a bona fide residence in that State. Process was never served personally upon the plaintiff in the divorce action that he commenced, and she has not appeared therein. Therefore, the judgment of the State of Nevada, based upon such constructive service without a domicile of either party, is not entitled to full faith and credit. (*Bell* v. *Bell,* 181 U. S. 175.)

The second point urged by the defendant is that this court cannot grant the plaintiff the relief sought because he was a resident of the State of New Jersey and domiciled there at the time he left for Nevada to obtain this alleged divorce. The trouble with the defendant's argument here is that he forgets that the plaintiff remained a citizen and domiciled in this State. In the first place, the court does not believe that the defendant was a bona fide resident of the State of New Jersey. It is true that he stayed awhile at his brother's home, at a hotel, and again at an athletic club, but these all appear places of convenience rather than of bona fide residence. Going a bit further and assuming that he was domiciled in New Jersey when he left for Nevada, that does not help in this case. The plaintiff remained a citizen of this State and she is entitled to the relief sought, irrespective of whether he moved his domicile

or not. It would appear more likely that he lived with the defendant Daniels in this State and that these residences, so-called, in New Jersey were mere camouflage to try to come within the ruling of *Hubbard* v. *Hubbard* (228 N. Y. 81). That case does not apply here because, as stated at page 86 of the opinion, either spouse " as husband and wife * * * did not at any time reside in or become citizens of the State of New York."

The evidence adduced at the trial established quite clearly that this plaintiff is entitled to a declaratory judgment declaring that she is the lawful wife of the defendant Richard Fondiller and that he and Anna K. Daniels are not husband and wife and that the Nevada decree of divorce is invalid and of no force and effect. The plaintiff also seeks a dissolution of the second marriage between Richard Fondiller and Anna K. Daniels. She is entitled to that relief and it is predicated upon section 1134 of the Civil Practice Act which authorizes such an action " by the former husband or wife." That means that a person in the same capacity as this plaintiff can properly maintain an action to dissolve the marriage between her husband and a third party. Where a marriage is void as this second marriage of Richard Fondiller is, this court will not hesitate to annul it. It was not only a fraud but also a marriage made in defiance of the order of this court and under the circumstances there need be no reluctance in declaring it null and void.

The remaining relief, which is injunctive in character, may not be granted. (See *Baumann* v. *Baumann,* 250 N. Y. 382; *Somberg* v. *Somberg,* 263 N. Y. 1; *Lowe* v. *Lowe,* 265 N. Y. 197; *Goldstein* v. *Goldstein,* 283 N. Y. 146.) The injunction in this case would not only appear to be unnecessary but would simply mean that the court would have to entertain a motion to punish for contempt every time these defendants held themselves out as husband and wife. Moreover, the plaintiff would seem amply protected by the declaratory judgment and the annulment herein directed. Judgment for the plaintiff accordingly. Settle decision and judgment.