SAMUEL LANDSMAN, Appellant, *v.* KATHERINE LANDSMAN, Respondent.

Submitted October 5, 1950; decided November 30, 1950.

*Millard E. Theodore* for appellant. I. The marriage between plaintiff and defendant is absolutely void because contracted at a time when defendant's first husband was living. (*Matter of Crandall,* 196 N. Y. 127.) II. The court may not refuse to declare the invalidity of such a marriage under the doctrine of estoppel or that of clean hands. (*Villafana* v. *Villafana,* 275 App. Div. 810; *Jackson* v. *Jackson,* 274 App. Div. 43.) III. Section 6 of the Domestic Relations Law requires that a marriage

void thereunder should be annulled at the request of either party notwithstanding that the party seeking the annulment may have committed acts the most flagitious in contracting the marriage. Any exceptions which may be warranted by moral or equitable principles should be enacted by the Legislature and not by the courts. (*Matter of Hyde,* 177 Misc. 666; *Bayreuther* v. *Reinisch,* 264 App. Div. 138; *Noel Associates* v. *Merrill,* 184 Misc. 646; *People ex rel. Doctors Hosp.* v. *Sexton,* 267 App. Div. 736; *Matter of Baerenklau* v. *Thatcher,* 269 N. Y. 494.) IV. The marriage being concededly void, the courts below erred in granting defendant a separation. (*Fearon* v. *Treanor,* 272 N. Y. 268; *Fischer* v. *Fischer,* 254 N. Y. 463; *Lefferts* v. *Lefferts,* 263 N. Y. 131; *Honig* v. *Honig,* 267 App. Div. 908; *Matter of Collis* v. *Collis,* 184 Misc. 717; *McCullen* v. *McCullen,* 162 App. Div. 599; *Krause* v. *Krause,* 282 N. Y. 355.)

*William H. Yaeger* for respondent. I. The determination of the trial court, as affirmed by the Appellate Division, denying an annulment to plaintiff because of his fraudulent misrepresentations which induced defendant to enter into marriage with him, was proper. (*Stokes* v. *Stokes,* 198 N. Y. 301; *Villafana* v. *Villafana,* 275 App. Div. 810; *Lodati* v. *Lodati,* 268 App. Div. 1003; *Heller* v. *Heller,* 172 Misc. 875, 259 App. Div. 852, 285 N. Y. 572; *Bonney* v. *Bonney,* 65 N. Y. S. 2d 488, 271 App. Div. 1060; *Deweese* v. *Reinhard,* 165 U. S. 386; *Bernstein* v. *Kritzer,* 253 N. Y. 410; *Utility Elec. Co.* v. *Wilson,* 230 App. Div. 738; *Goodman* v. *De Roche,* 253 App. Div. 834; *Gillies* v. *Preferred Accident Ins. Co.,* 203 App. Div. 588.) II. The judgment awarding respondent a separation together with alimony was proper. (*Krause* v. *Krause,* 282 N. Y. 355; *Ozark* v. *Ozark,* 191 Misc. 172; *Johnson* v. *Johnson,* 295 N. Y. 477.)

LOUGHRAN, Ch. J. The parties went through a marriage ceremony at a time when the defendant already had a husband. To be sure, she had previously obtained a decree annulling her earlier marriage but that decree had not yet become final when she tried to marry the plaintiff. On these facts, he here demanded a judgment that would declare his union with her to be a nullity.

In her answer herein, she charged him with having deceived her by false representations in respect of the effectiveness of

her interlocutory decree. On that basis, she demanded a judgment (1) dismissing his complaint in this annulment action; (2) separating her from his bed and board forever upon the ground of his abandonment of her; (3) awarding her alimony; and (4) permitting her to recover moneys which she claimed she had lent to him. Trial Term dismissed the complaint, separated the plaintiff from the defendant, directed him to pay her $20 each week for her support during her natural life plus $60 of arrears of temporary alimony, but dismissed her claim for money lent.

Cross appeals were taken by the parties to the Appellate Division where the judgment of Trial Term was in all respects affirmed. Then the plaintiff brought to us for review the parts of that judgment which are adverse to him. Since the defendant is content with the affirmance by the Appellate Division, her action for money lent is no longer of any importance.

With exceptions that are here without application, the law of this State denounces as void a marriage by a person whose husband or wife by a former marriage is living. (Domestic Relations Law, § 6.) Thus the attempted marriage here in question was wholly without validity from its beginning; it created neither right nor duty; it gave neither scope for recrimination nor room for any counteractive estoppel. Hence there could be no offense against it and, that being so, the plaintiff was free to bring this annulment action though he did not come to the court with clean hands. Hence, too, the defendant — though she may have acted in good faith — has no right to the judgment of separation that was awarded to her by the courts below (*Fischer* v. *Fischer*, 254 N. Y. 463, 466). This result, we think, is dictated by the statute for reasons that can be readily seen.

The judgment of the Appellate Division and that of the Trial Term should be reversed, without costs, and the action remitted to Trial Term for further proceedings not inconsistent with this opinion.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.