BENJAMIN SCHNEIDER, Appellant, *v.* SYLVIA F. SCHNEIDER et al., Respondents.

First Department, February 24, 1953.

*Jacob E. Heller* for appellant.

*Maxwell Green* for respondents.

*Per Curiam.* Defendants rested at the close of plaintiff's case and adduced no proof. We find nothing in plaintiff's cross-examination or the record to support the trial court's dismissal of plaintiff's complaint.

New York was the domicile of the marriage between plaintiff and defendant Sylvia F. Schneider and also the marital domicile. The evidence established without contradiction that plaintiff was not personally served and did not appear either personally or by counsel in the wife's Florida action against plaintiff for divorce on the ground of alleged cruelty; that the wife did not have a bona fide domicile in Florida and was not there even for the required statutory number of days; and that immediately after procuring the Florida decree, she returned to New York, her domicile for many years, where she was still domiciled at the time of the trial. (See *Matter of Newcomb,* 192 N. Y. 238, 251.)

The trial court appeared to have been influenced by the decision in a prior action denying plaintiff a declaratory judgment; but in that case the trial court specifically did not pass on the merits of the foreign decree herein; and, in any event, the prior determination is not binding on this court on review of the record before us (*Walker* v. *Gerli,* 257 App. Div. 249, 251, 252).

In extreme cases the position of the person seeking relief of the kind here sought may be so inequitable that a court of equity will refuse to interfere, but in the case now before us no equitable defense whatever was pleaded nor did defendants adduce any proof of inequity on plaintiff's part. On the state of facts presented in this record, plaintiff, husband of defendant Sylvia F. Schneider, was entitled to judgment annulling his wife's marriage to defendant Horowitz (Civ. Prac. Act, § 1134; *Stokes* v. *Stokes,* 198 N. Y. 301, 305).

The judgment appealed from should be reversed, without costs and judgment directed in plaintiff's favor declaring that the purported Florida divorce decree obtained by defendant Sylvia F. Schneider against plaintiff is jurisdictionally invalid and void; that plaintiff is still the husband of defendant, Sylvia F. Schneider; and that the subsequent marriage between Sylvia F. Schneider and defendant Horowitz should be annulled.

PECK, P. J., DORE, COHN, BREITEL and BERGAN, JJ., concur.

Judgment unanimously reversed, without costs and judgment directed in plaintiff's favor in accordance with the opinion herein. Settle order on notice.