Howard T. Hogan, J.
Defendants move to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it does not state facts sufficient to constitute a cause of action.
The complaint alleges that plaintiff and defendant Zuckert were married in 1929, that both are residents of New York State, that on March 7, 1956, said defendant procured a decree of divorce in Mexico purporting to dissolve their marriage, and on that name day, married the defendant Koral in Mexico and that plaintiff thereafter, on July 12, 1956, obtained a judgment of separation from defendant in this court, on the ground of cruel and inhuman treatment and abandonment, which judgment *894 declared the Mexican decree of divorce to he null and void and of no force or effect in law. The prayer for relief asks for ‘ a judgment annulling the aforesaid marriage between the defendant Mortimer Zuckert and the defendant Eene Koral ”.
It is defendant’s position that since the marital status of the parties has been established by the aforesaid judgment of separation, a judgment declaring the nullity of the second marriage is unnecessary. It is true that since the issuance of a declaratory judgment lies within the discretion of the court, it should be denied when it will serve no useful purpose. Three of the four authorities submitted by defendants clearly hold this to be so, and in fact, deny declaratory judgments in similar situations. Unquestionably, if this plaintiff sought such relief the court could dismiss her complaint for insufficiency.
However, plaintiff does not ask the equitable relief of a declaratory judgment but has availed herself of the statutory right of action created by section 1134 of the Civil Practice Act, which permits her to seek an annulment of this second marriage. That she has the capacity to maintain such an action has been established by this court in Fondiller v. Fondiller (182 Misc. 628) and in Antrones v. Antrones (58 N. Y. S. 2d 241).
Accordingly, the motion to dismiss the complaint is denied.