Frederick L. Kopff, J.
The plaintiff wife by this action seeks a judgment declaring (1) that she is the lawful wife of the defendant Boine T. Johnson, (2) that the decree of divorce obtained by the defendant husband against the plaintiff in Mexico is null and void under the laws of the State of New York, (3) and that the marriage between the defendants be annulled and declared void.
During the course of the trial the following facts were established and are undisputed: The parties intermarried on the 17th day of November, 1929 at Cranford, New Jersey, and thereafter established a residence in the State of New York. On April 5, 1955 plaintiff obtained a judgment of separation from the defendant in the Supreme Court, Nassau County. Shortly thereafter the defendant husband instituted a divorce action in the State of Florida, claiming to be a resident of such State. The plaintiff appeared and contested this action which was dismissed after a trial. On November 24, 1955 the defendant husband obtained a divorce in Mexico without an appearance on plaintiff’s behalf. It was admitted by the defendant during the course of the trial that when he went to Mexico he was a resident of Florida and domiciled there and that after obtaining the divorce he immediately left Mexico and has not been there since. On December 18, 1956 he married the codefendant in the State of Connecticut and now resides in Florida.
While the sanctity of a judgment of a foreign court enjoys the respect in every State and is entitled to full faith and credit unless vacated (Williams v. North Carolina, 317 U. S. 287) a New York court having personal jurisdiction of the parties has a right to pass upon the matter of the defendant husband’s domicile which purportedly g*ave the foreign court jurisdiction (Long v. Long, 281 App. Div. 254). The entire record before the court clearly establishes that the defendant’s stay in Mexico, if any, was solely for the purpose of obtaining a divorce in that country and that the court there did not have jurisdiction to grant the decree. In consequence this court is not required to give full faith and credit to such decree.
It is now clear that an action to declare invalid an ex parte foreign divorce and the existence of the marriage relationship between the parties may be maintained where there will be irreparable harm to the plaintiff and to protect her and the issue *893 of the marriage from having their social and property rights unsettled by the suit abroad. (Long v. Long, supra; Kamen v. Kamen, 284 App. Div. 1047; Baumann v. Baumann, 250 N. Y. 382.) The court is further empowered to set aside the marriage between the defendants pursuant to the provisions of section 1134 of the Civil Practice Act. (See, also, Fondiller v. Fondiller, 182 Misc. 628; Zuckert v. Zuckert, 13 Misc 2d 893.)
The joining of the codefendant as a party defendant was necessary in order to properly determine and declare the rights of the parties as no efficacious declaratory judgment could be rendered in her absence (Varrichio v. Varrichio, 269 App. Div. 678; Impellizzeri v. Impellizzeri, 133 N. Y. S. 2d 44).
Accordingly, the motions to dismiss the complaint are denied and judgment is awarded to the plaintiff. Plaintiff’s counsel is awarded the sum of $3,500 as and for their counsel fee and the substituted attorneys for the defendants are awarded $1,500 as their counsel fee.
Submit judgment in accordance with the above.