Morris E. Spector, J.
The parties are husband and wife and have two issue by the marriage in question.
The husband brings this action for annulment upon the ground that his wife had entered into this marriage ceremony before a decree for divorce in her prior marriage had become final and while her former husband was alive.
I am of the opinion that the case of Landsman v. Landsman (302 N. Y. 45) is controlling in this situation. It is upon all fours with the case at bar. In fact, the Landsman case charged the petitioner with fraud with respect to the effectiveness of the interlocutory decree. In the case at bar there is no such allegation or proof. Marriages entered into under these circumstances are not voidable but void (Domestic Belations Law, § 6). Thus, even knowledge by petitioner, though denied, that the prior divorce decree had not become final, at the time of the attempted marriage, could not be raised as a defehse or estoppel, since the attempted marriage was void ab initio.
*1000 The defendant seeks to impose the discretionary powers of the court under section 1134 of the Civil Practice Act, citing the cases of Packer v. Packer (6 A D 2d 464) and Presbrey v. Presbrey (6 A D 2d 477). These cases are distinguishable. In the Packer ease, the party who was estopped from obtaining an annulment under section 1134 was the party in the first marriage who soug’ht the annulment of the second marriage: In Landsman v. Landsman (supra), it was the party who participated only in the second marriage who succeeded in obtaining the annulment even though he came in with unclean hands. It is only the party to the first marriage who is estopped from obtaining equitable relief in regard to the subsequent marriage. “ The distinction is sharply and expressly made on the basis of who is the seeker of affirmative relief ”. (Packer v. Packer, supra, p. 467.)
The court finds the aforesaid marriage is null and void and judgment may be entered annulling same.
It is agreed between the parties that the issue of this marriage be legitimatized and declared the legitimate children of both parties.
The court will grant no support for the defendant but will direct that the plaintiff pay the sum of $35 per week for the support of the aforesaid two children and shall have reasonable rights of visitation.
Settle decree and findings.