THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CARL I. COHEN, Respondent.— In a criminal action, the People appeal from an order of the Supreme Court, Kings County, entered March 13, 1964 after a hearing, which (a) granted defendant's motion to suppress certain evidence allegedly obtained as the result of an unlawful search and seizure and as the result of telephone wire-tapping of the defendant's office telephone pursuant to an ex parte order of said court, issued July 28, 1960; (b) vacated said ex parte order; and (c) precluded the use at trial of any evidence or leads resulting therefrom. The People have filed the statement required by statute (Code Crim. Pro., § 518-a) in order to perfect the appeal from the said order. Order modified (1) by amending the first decretal paragraph to provide that defendant's motion be granted only to the extent set forth in the third and sixth decretal paragraphs (as hereafter indicated) and (2) by deleting therefrom the second, fourth and fifth decretal paragraphs. Order, as so modified, affirmed. The defendant, a physician, was charged in five indictments with nine counts alleging the commission of criminal abortions and with one count charging the crime of attempted abortion. His motion to suppress the fruits of a search of his office and to preclude the use of leads obtained through the use of a wiretap on his office telephone was granted (42 Misc 2d 403) after his prior motion to vacate and set aside the original ex parte wiretap order had been denied (41 Misc 2d 158). The denial of defendant's motion to vacate and set aside the original order authorizing the wiretap did not reach the question of the validity of said order. The motion was denied on a finding that the moving papers in support of the motion to vacate were insufficient. Since the merits of the order were not reached, the ultimate holding does not bar a relitigation of the matters not specifically passed upon (*Eagle Lion Studios* v. *Loews,* 248 F. 2d 438, 444, affd. 358 U. S. 100; *Southern Pac. R. R. Co.* v. *United States,* 168 U. S. 1; *St. Joseph Union Depot Co.* v. *Chicago Rock Is. & Pacific Ry. Co.,* 89 F. 648, cert. den. 172 U. S. 649; *Schneider* v. *Schneider,* 281 App. Div. 250). The original wiretap order was a proper subject of judicial review in the same manner and to the limited extent permitted with respect to a warrant for search and seizure. We hold that the affidavits in support of the People's motion for an order authorizing a wiretap were sufficient. The finding that defendant did not consent to a search of his office is supported by the evidence. Since there was no warrant and the search was not conducted

incidental to a lawful arrest, the evidence seized was properly suppressed. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.